14 F.3d 594
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
John Earl COOKE, Petitioner-Appellant,
v.
S.R. WITKOWSKI, Warden; State of South Carolina; Attorney
General of the State of South Carolina,
Respondents-Appellees.
 No. 92-6488.
 United States Court of Appeals, Fourth Circuit.
 Submitted Dec. 16, 1992.
Decided Dec. 27, 1993.
 
 Appeal from the United States District Court for the District of South Carolina, at Columbia.
 John Earl Cooke, appellant pro se.
 Donald John Zelenka, Chief Deputy Atty. Gen., for appellees.
 D.S.C.
 AFFIRMED IN PART AND VACATED AND REMANDED IN PART.
 Before HALL, PHILLIPS, and NIEMEYER, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 John Earl Cooke, a South Carolina prisoner, seeks to appeal from the order of the district court adopting the report and recommendation of the magistrate judge and denying relief on his petition under 28 U.S.C. Sec. 2254 (1988). We grant a certificate of probable cause to appeal, affirm in part, and vacate and remand in part.
 
 
 2
 Cooke was convicted by a jury of second degree burglary and grand larceny. He subsequently pled guilty to additional charges of first degree burglary and grand larceny. Following these two convictions Cooke filed a state petition for post-conviction relief. A hearing was held at which Cooke was represented by counsel. The petition was denied by written opinion. The South Carolina Supreme Court denied Cooke's petition for certiorari review.
 
 
 3
 Cooke then filed the present petition under Sec. 2254 raising three claims: (1) counsel failed to comply with Cooke's request to appeal his trial convictions, (2) ineffective assistance of counsel as to the charges for which he entered a guilty plea, and (3) improper identification procedures at trial. The case was referred to a magistrate judge who recommended that relief be denied. After de novo review, the district judge adopted the report and denied relief. Cooke filed a timely notice of appeal.
 
 
 4
 The district court found that Cooke failed to establish that but for counsel's advice he would not have pled guilty and would have insisted on going to trial, see Fields v. Attorney Gen., 956 F.2d 1290, 1297 (4th Cir.), cert. denied, 61 U.S.L.W. 3262 (U.S.1992), and therefore denied relief. We agree and therefore affirm the denial of relief on claim two.
 
 
 5
 As to Cooke's third claim, the Respondents argued that it was procedurally defaulted except to the extent that Cooke alleged ineffective assistance for counsel's failure to object to the identification testimony. We agree with the district court's conclusion that the identification was not improper, and therefore conclude that counsel was not ineffective for failing to object to the testimony.
 
 
 6
 Cooke's claim that he was denied his right to appeal from his trial conviction requires further examination by the district court. Cooke was convicted twice, once by a jury and once following a guilty plea. In his state post-conviction petition he raised claims concerning the denial of his right to appeal from each of these convictions. Cooke claimed that trial counsel did not advise him of his right to appeal from the jury verdict, and that his attorney did not appeal from his conviction after entry of his guilty plea.
 
 
 7
 The state post-conviction court addressed these claims separately and made different findings for each. As to the first claim, relating to an appeal from the jury verdict, the state post-conviction court found that there were no "meritorious issues for appeal," and therefore "denied and dismissed" this claim. Regarding the claim that counsel had failed to appeal from the guilty verdict, the state court found that Cooke had executed a notice of right to appeal and had signed another document waiving his right to appeal, and was therefore not entitled to an appeal.
 
 
 8
 In the present federal petition Cooke claimed that after his jury trial he informed counsel that he wished to appeal the guilty verdict, but that counsel refused to file the appeal. Cooke did not raise any claims concerning an appeal from the guilty plea.
 
 
 9
 In denying relief both the district court and the magistrate judge relied upon findings by the state court related to Cooke's notice and waiver of his right to appeal his guilty plea convictions, not the trial convictions at issue here. The state court's finding that Cooke waived his right to appeal from the conviction following the guilty plea is not a proper basis for finding that he waived his right to appeal from the prior jury verdict.
 
 
 10
 As noted, the state post-conviction court denied relief on the failure to appeal from the jury verdict claim after finding that there were no meritorious issues which could have been appealed. However, the fact that a reviewing court concludes that an appeal is meritless is not dispositive of a claim that counsel failed to pursue an appeal--if counsel was effectively denied because the attorney failed to comply with minimum requirements, prejudice is presumed. United States v. Peak, 992 F.2d 39, 42 (4th Cir.1993) ("criminal defense attorney's failure to file a notice of appeal when requested by his client deprives the defendant of his Sixth Amendment right to assistance of counsel, notwithstanding that the lost appeal may not have had a reasonable probability of success.").
 
 
 11
 The state court's factual finding that Cooke had failed to demonstrate any meritorious issues for appeal was not a proper basis for denying relief on the claim that counsel had failed to perfect the appeal. This was the only basis relied upon by the state court. The district court's reliance on the state court's findings related to Cooke's appeal from his conviction after his guilty plea was likewise not a proper basis for denying relief on claims arising from his trial conviction.
 
 
 12
 The testimony at Cooke's state post-conviction hearing revealed a conflict between Cooke and his counsel as to whether there was an agreement to represent Cooke on appeal. In light of this conflict, and in the absence of any relevant factual findings by the state court, we conclude that Cooke is entitled to a remand for appropriate factual findings by the district court on this claim.
 
 
 13
 In conclusion, we grant a certificate of probable cause to appeal. The denial of relief on claims two and three is affirmed. We vacate the decision on claim one and remand to the district court for further consideration. We dispense with oral argument because the fact and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 14
 AFFIRMED IN PART, VACATED AND REMANDED IN PART.