32 F.3d 563
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
JOSEPH WRIGHT, a/k/a Rock, Defendant-Appellant.
 No. 94-5201.
 United States Court of Appeals, Fourth Circuit.
 Aug. 9, 1994.
Submitted July 19, 1994.
Decided Aug. 9, 1994.
 
 Appeal from the United States District Court for the Northern District of West Virginia, at Elkins. Robert R. Merhige, Jr., Senior District Judge, sitting by designation. (CR-90-34)
 Patricia H. Stiller, CAVENDER & STILLER, Morgantown, WV
 William D. Wilmoth, United States Attorney, Thomas O. Mucklow, Assistant United States Attorney, Wheeling, WV
 N.D.W.Va.
 AFFIRMED.
 OPINION
 Before HALL, LUTTIG and WILLIAMS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Joseph Wright appeals the sentence he received on his guilty plea to conspiracy to possess crack cocaine with intent to distribute, 21 U.S.C.A. Sec. 846 (West Supp.1994). His attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), contesting the district court's denial of an adjustment for acceptance of responsibility[1] and its failure to impose a sentence of home detention, but stating that in her view there are no meritorious issues for appeal. Wright has been informed of his right to file a supplemental pro se brief, but has failed to do so. We affirm the sentence.[2]
 
 
 2
 In 1988, authorities in West Virginia concerned with drug violations learned that Wright was distributing crack in Maryland and West Virginia. A confidential informant made two controlled buys of crack from Wright in June 1988. The total amount was 6.72 grams. Wright told the informant how to cut and package the crack and what to charge for it when she resold it. However, after his guilty plea, Wright maintained in a written statement to the probation officer that he was not a drug dealer, and sold $500 worth of crack to the confidential informant just to help her out because he was attracted to her. He said he misrepresented his situation to impress her.
 
 
 3
 At sentencing, the district court found that Wright had not accepted responsibility for his criminal conduct. Its finding was not clearly erroneous. Although Wright admitted making the two controlled distributions, he did not truthfully accept responsibility for his criminal conduct. See U.S.S.G. Sec. 3E1.1, comment. (n.1(a)); United States v. Gordon, 895 F.2d 932 (4th Cir.), cert. denied, 498 U.S. 846 (1990). Because Wright was subject to a five-year mandatory minimum sentence under Sec. 846 and Sec. 841(b)(1)(B), a sentence of home detention was not an option the court could consider. Under guideline section 5F1.2, home detention is available only as a condition of probation, for which Wright was not eligible.
 
 
 4
 In accordance with the requirements of Anders, we have examined the entire record in this case and find no other meritorious issues for appeal. The conviction and sentence are therefore affirmed. Pursuant to the plan adopted by the Fourth Circuit Judicial Council in implementation of the Criminal Justice Act of 1964, 18 U.S.C.A. Sec. 3006A (West 1985 & Supp.1994), this Court requires that counsel inform her client, in writing, of his right to petition the Supreme Court for further review. If requested by her client to do so, counsel should prepare a timely petition for a writ of certiorari.
 
 
 5
 We dispense with oral argument because the facts and legal contentions are adequately presented in the record and briefs, and oral argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 United States Sentencing Commission, Guidelines Manual, Sec. 3E1.1 (Nov.1991)
 
 
 [2]
 Wright was sentenced in September 1992 and the judgment and commitment order was filed on October 22, 1992. No timely notice of appeal was filed. Wright appealed pro se in February 1993 and the appeal was dismissed for lack of jurisdiction
 In a motion under 28 U.S.C. Sec. 2255 (1988), Wright claimed that his counsel was ineffective in failing to file a timely notice of appeal. The district court granted Wright relief in the manner approved in United States v. Peak, 992 F.2d 39, 42 (4th Cir.1993), by vacating the judgment of appeal and immediately reinstating it to give Wright another opportunity to appeal. The court appointed new counsel and granted Wright an extension of time to appeal. His notice of appeal was filed within the 30-day extension period and is timely.