**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Homer McKinley PEAK, Defendant–Appellant.**

**No. 91–7326.**

United States Court of Appeals, Fourth Circuit.

Argued Feb. 5, 1993.

Decided April 16, 1993.

Carla Markim, Student Atty., Appellate Advocacy Clinic, The American University Washington College of Law, Washington, DC, argued (Jennifer Lyman, S. Christopher Marlow, Student Atty., on brief), for defendant-appellant.

Paul Alexander Weinman, Asst. U.S. Atty., Greensboro, NC, argued (Robert H. Edmunds, Jr., U.S. Atty., on brief), for plaintiff-appellee.

Before RUSSELL and HALL, Circuit Judges, and PAYNE, United States District Judge for the Eastern District of Virginia, sitting by designation.

## OPINION

K.K. HALL, Circuit Judge:

Homer McKinley Peak appeals a final order of the district court denying his petition for habeas corpus relief under 28 U.S.C. § 2255. We reverse and remand with instructions to grant the writ moulded so as to permit Peak to take a direct appeal from his conviction.

### I.

On November 28, 1989, Peak was indicted by a federal grand jury. He was charged with one count of conspiracy to distribute crack cocaine and one substantive count of distribution. Through counsel, Peak agreed to a plea bargain, under which he would plead guilty to the substantive count and the government would dismiss the conspiracy count. The resulting written plea agreement recited the statutory maximum sentence Peak could receive (twenty years), but did not mention a possible guidelines range. This omission is routine, inasmuch as the guidelines sentence relies on a presentence investigation, which is normally not conducted until the guilty plea is entered. *See United States v. DeFusco*, 949 F.2d 114, 118–119 (4th Cir.1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 1703, 118 L.Ed.2d 412 (1992) (discussing 1989 amendment to Fed.R.Cr.P. 11(c)(1), which recognizes that guidelines sentence cannot generally be calculated with accuracy at the time of the plea).

Peak pled guilty, and a presentence investigation was conducted. Under the guidelines, Peak was a "career offender" (see U.S.S.G. § 4B1.1) with a guidelines range of 168–210 months. The severity of the sentence surprised Peak and his lawyer, who stated on the record that the sentencing range exceeded his estimate. The district court sentenced Peak at the bottom of the range—168 months.

Peak asserts that he then requested that his attorney file a notice of appeal. The attorney failed to do so. Peak then filed an untimely pro se notice of appeal. The district court construed the notice as a motion for extension of time to file, but denied it because it was filed beyond the thirty-day limit for relief on a showing of good cause. Fed.R.App.P. 4(a). Peak attempted to appeal the denial of an extension of time to this court. He moved for leave to proceed *in forma pauperis* and for free transcripts in the district court, but these requests were denied. This court later dismissed his appeal for want of prosecution. *United States v. Peak*, No. 90-5525 (4th Cir. Nov. 15, 1990).

Peak's trial counsel, Melvyn Brown, has vanished. Neither Peak nor the government has been able to locate him since Peak's sentencing.

### II.

On January 8, 1991, still acting pro se, Peak filed this 28 U.S.C. § 2255 action in district court. He asserted claims for ineffective assistance of counsel, improper resolution of his objections to the presentence report, breach of the plea agreement, and

improper application of the career offender guidelines.

In its answer, the government conceded that *"failure to file a notice of appeal when so instructed by the client constitutes ineffective assistance of counsel for purposes of § 2255."* (emphasis added). In a supplemental memorandum, the government reported that it had been unable to locate attorney Brown to see whether he could contradict Peak's representation that he had requested the filing of a notice of appeal. Accordingly, said the government, "the court should grant whatever relief it deems necessary in this case under the circumstances."

Notwithstanding the government's concession, the magistrate recommended that the action be dismissed. The magistrate found that the breach of plea agreement and sentencing issues were meritless on the face of the record. On the ineffective assistance claim, the magistrate stated that Peak had not shown that any meritorious issue would have been raised on appeal; therefore, he had failed to establish "prejudice" within the meaning of *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

Over Peak's objection, the district court adopted the magistrate's recommendation without discussion.

Peak appeals.

### III.

In its brief, the government contended that it "improvidently" conceded that failure to file a requested notice of appeal is constitutionally ineffective assistance of counsel. However, at argument, the government reversed course and renewed its concession. We will briefly outline why this concession was wise.

Persons convicted in federal district courts have a right to a direct appeal. *Coppedge v. United States,* 369 U.S. 438, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962). In addition, the Sixth Amendment right to counsel extends to the direct appeal, *Douglas v. California,* 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963), and it obligates the attorney to file the appeal and identify possible issues for the court even if,

in the attorney's opinion, those issues are not meritorious. *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

In *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the Court announced its now-familiar general standard for evaluating ineffective assistance of counsel. A defendant is entitled to relief if his counsel's performance was deficient, that is, if it fell below the wide range of professionally competent assistance, and the defendant suffered prejudice from the deficient performance. By "prejudice," the court meant a "reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694, 104 S.Ct. at 2068. The *Strickland* test is not universal—there are some genres of denial of counsel from which prejudice is presumed, including "actual or constructive denial of the assistance of counsel altogether," *id.* at 692, 104 S.Ct. at 2066, and the all-too-familiar spectacle of an attorney laboring under an actual conflict of interest. *Cuyler v. Sullivan,* 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980); *Hoffman v. Leeke,* 903 F.2d 280, 287 (4th Cir.1990).

The question presented by the briefs is whether the *Strickland* "prejudice" prong applies so as to require Peak to show, in addition to a loss of his rights to appeal and to have assistance of counsel therefor, that he would have presented meritorious claims on the lost appeal.

Without *Strickland,* there would be no question about it; loss of the right to appeal because of attorney malfeasance or nonfeasance, without more, is enough to entitle the petitioner to relief. In *Rodriquez v. United States,* 395 U.S. 327, 329–330, 89 S.Ct. 1715, 1717, 23 L.Ed.2d 340 (1969), the Supreme Court stated:

The [court of appeals] seems to require an applicant under 28 U.S.C. § 2255 to show more than a simple deprivation of this right [the right to appeal] before relief can be accorded. It also requires him to show some likelihood of success on appeal; if the applicant is unlikely to succeed, the [court of appeals] would characterize any denial

of the right to appeal as a species of harmless error. We cannot subscribe to this approach.

\* \* \* \* \* \*

Those whose right to appeal has been frustrated should be treated exactly like any other appellants; they should not be given an additional hurdle to clear just because their rights were violated at some earlier stage in the proceedings.

After *Strickland*, one circuit, the Ninth, held that the prejudice prong required a showing of a reasonable probability of success on the merits of the appeal, and not just the loss of the right to an appeal itself, i.e. *Rodriquez* was no longer viable. *United States v. Popoola*, 881 F.2d 811 (9th Cir. 1989). The First, Eighth, and Tenth Circuits have held otherwise—the loss of the right to appeal is enough. *Estes v. United States*, 883 F.2d 645 (8th Cir.1989); *Abels v. Kaiser*, 913 F.2d 821 (10th Cir.1990); *United States v. Tajeddini*, 945 F.2d 458 (1st Cir.1991), *cert. denied*, —— U.S. ——, 112 S.Ct. 3009, 120 L.Ed.2d 883 (1992).

The Supreme Court nudged the Ninth Circuit into line in *Lozada v. Deeds*, 498 U.S. 430, 111 S.Ct. 860, 112 L.Ed.2d 956 (1991). In a per curiam order, the Court held that the Ninth Circuit had erred when it followed the *Popoola* decision in refusing to issue a certificate of probable cause to appeal. The Court cited *Estes*, *Abels*, and, most tellingly, *Rodriquez*. On remand, the Ninth Circuit overruled *Popoola* and its progeny and joined the other circuits. *Lozada v. Deeds*, 964 F.2d 956 (9th Cir.1992).

Reconciling *Strickland* and *Rodriquez* requires a focus on the particular deprivation of counsel alleged. *Strickland* is concerned with attorney performance in the course of representation. By its own text, it does not apply to deprivations of counsel altogether, which violate the Sixth Amendment without the need for even the most elementary judicial interpretation. No one would seriously contend that a defendant need not have an attorney at trial if there is no "reasonable probability" that an attorney could win an acquittal. We see no reason to apply a different rule on direct appeal, where the defendant has the same absolute right to counsel he enjoys before conviction. However effective or ineffective Peak's counsel was before the judgment of conviction, his failure to file the requested appeal deprived Peak of the assistance of counsel on direct appeal altogether.

We touched on this issue in *Becton v. Barnett*, 920 F.2d 1190 (4th Cir.1990). In remanding a dismissed ineffectiveness claim based, in part, on a failure to file a notice of appeal, we said (920 F.2d at 1195):

> The effect of counsel's failure to appeal was that Becton lost his ability to protect his "vital interests at stake." *See Evitts [v. Lucey]*, 469 U.S. [387] at 396, 105 S.Ct. [830] at 836 [1985]. He was unable to attempt to demonstrate that his conviction was unlawful through the appellate process. *See id.* For whatever reason, Becton's appeal was not filed. As a result, Becton might well have been prejudiced by his counsel's ineffective assistance. Therefore, Becton has presented a colorable claim of ineffectiveness based on counsel's failure to appeal.

In *Becton*, there was a potential factual dispute as to whether the petitioner had actually requested his attorney to file the notice of appeal. Hence, we simply remanded for an evidentiary hearing. If *Becton* left any doubt as to the showing required of petitioners raising this type of claim, we dispel it today: we join those circuits that hold that a criminal defense attorney's failure to file a notice of appeal when requested by his client deprives the defendant of his Sixth Amendment right to the assistance of counsel, notwithstanding that the lost appeal may not have had a reasonable probability of success.

The judgment is reversed, and the case is remanded with instructions to vacate Peak's judgment of conviction and enter a new judgment from which an appeal can be taken. *See Estes*, 883 F.2d at 649.

REVERSED AND REMANDED WITH INSTRUCTIONS.