4 F.3d 986
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Bernard Deon BEST, a/k/a Bern, Defendant-Appellant.
 No. 93-5115.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: August 20, 1993.
Decided: September 8, 1993.
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Richard C. Erwin, Senior District Judge. (CR-90-64-G, CR-90-88-G)
 J. David James, Smith, Follin & James, Greensboro, North Carolina, for Appellant.
 Benjamin H. White, Jr., United States Attorney, David B. Smith, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.
 M.D.N.C.
 AFFIRMED.
 Before WILKINS and LUTTIG, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Bernard Deon Best appeals the sentence imposed on him in November 1990 following his guilty plea to conspiracy to possess crack cocaine with intent to distribute, 21 U.S.C.A.Sec. 846 (West Supp. 1993), distribution of crack cocaine, 21 U.S.C.A. Sec. 841 (West 1981 & Supp. 1993), and retaliating against a witness, 18 U.S.C. Sec. 1513(a)(1) (1988).
 
 
 2
 No appeal was taken from the original judgment; however, Best later filed a motion to vacate under 28 U.S.C. Sec. 2255 (1988), alleging infirmities with both his guilty plea and sentence, and alleging that his attorney had failed to note an appeal despite Best's request that he do so. The district court denied relief in all respects except the failure to appeal. In January 1993, the court reimposed the original sentence to allow Best to appeal it. Having considered the issues Best now raises, we affirm.
 
 
 3
 First, Best contends that the district court failed to understand its authority to depart below criminal history category III on the ground that it overstated the seriousness of his past criminal conduct. United States Sentencing Commission, Guidelines Manual, Sec. 4A1.3 (Nov. 1990). Our review of the record of the sentencing hearing discloses that Best's attorney did not request a departure. Instead, he questioned the propriety of awarding criminal history points for Best's prior offenses and argued that the result was cruel and unusual punishment. In this context, the district court's statement that it was required to apply the guidelines did not indicate that it thought it lacked the authority to depart. Indeed, the probation officer had suggested that the court consider an upward departure on criminal history.
 
 
 4
 Second, Best maintains that, in resentencing him, the district court erred by not increasing his reduction for acceptance of responsibility from two levels to three levels by applying the version of guideline section 3E1.1 then in effect. U.S.S.G. Sec. 3E1.1(b) (Nov. 1992). This contention is meritless. The district court reimposed the original sentence solely to afford Best an appeal of that sentence. See United States v. Peak, 992 F.2d 39 (4th Cir. 1993). In that circumstance, the court lacked the authority to alter the original sentence. Fed. R. Crim. P. 35.
 
 
 5
 The judgment of the district court is accordingly affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED