35 F.3d 556
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Noah Awuku GIDIGLO, Petitioner,
v.
U.S. IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 93-2200.
 United States Court of Appeals, Fourth Circuit.
 Submitted March 8, 1994.
Decided Sept. 6, 1994.
 
 On Petition for Review of an Order of the Immigration and Naturalization Service. (A28-289-39)
 Randall L. Johnson, Arlington, VA, for appellant.
 Frank W. Hunger, Asst. Atty. Gen., Robert Kendall, Jr., Asst. Director, Office of Immigration Litigation, Emily A. Radford, Civil Division, U.S. States Department of Justice, Washington, DC, for appellee.
 I.N.S.
 AFFIRMED.
 Before WILKINSON, Circuit Judge, and PHILLIPS and SPROUSE, Senior Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Noah Awuku Gidiglo petitions for relief from a final decision of the Board of Immigration Appeals (BIA) denying his motion to reopen deportation proceedings. We affirm.
 
 
 2
 Gidiglo admitted deportability before an Immigration Judge (IJ) but requested asylum, alleging that he feared persecution if he returned to his home in Ghana. The IJ found Gidiglo deportable and denied his asylum request. Gidiglo appealed that decision to the BIA, which affirmed the IJ. Gidiglo did not petition for review of that final decision. Gidiglo later filed a motion to reopen the deportation proceedings; the BIA denied the motion. From that decision Gidiglo petitions our review.
 
 
 3
 The motion to reopen was based on three grounds: (1) that Gidiglo had new evidence; (2)that Gidiglo's previous counsel was ineffective; and (3)that he could make out a prima facie case for suspension of deportation. None of his contentions have merit.
 
 
 4
 Initially, we observe that motions to reopen are disfavored and the alien bears a "heavy burden" in meeting the regulatory criteria. INS v. Abudu, 485 U.S. 94, 110 (1988). Consequently, we only review the denial of such a motion for an abuse of discretion. Yanez-Popp v. INS, 998 F.2d 231, 234 (4th Cir.1993). An abuse of discretion exists only if the BIA's decision was made without rational explanation, irrationally departs from established policies, or is based on some impermissible basis, such as ethnic discrimination. M.A. v. INS, 899 F.2d 304, 310 (4th Cir.1990) (en banc).
 
 
 5
 Gidiglo first claims that he withheld information at his original hearing before the IJ because of his life-long commitment to the ideals of military service. The BIA found that the disputed evidence was not new and could have been presented at the earlier hearing. See 8 C.F.R. Sec. 3.2 (1989). That finding is supported by substantial evidence--Gidiglo testified extensively at the earlier hearing and at no time did he indicate that he was withholding information based on persecution or military ideals.
 
 
 6
 Gidiglo next claims that he was denied due process because his counsel was ineffective. Ineffective assistance of counsel can deprive a potential deportee of due process where prejudice results from counsel's errors. See Figeroa v. INS, 886 F.2d 76, 78 (4th Cir.1989). To establish ineffectiveness in this context, an alien must show deficient representation and resulting prejudice. Id. We review Gidiglo's claims of ineffective assistance de novo. Id.
 
 
 7
 Gidiglo first contends that counsel failed to bring out enough details to make his fears of persecution convincing to the IJ. Gidiglo's claim here conflicts with his claim above that the information was properly kept from the IJ and BIA because it was privileged information. Had counsel delved into the information Gidiglo sought to keep from the IJ, he would have been acting unprofessionally. Further, review of the hearing reveals that counsel brought out sufficient facts to support Gidiglo's claims as fully as they would have been supported had Gidiglo revealed the facts he now seeks to reveal. Counsel did not act unprofessionally, and Gidiglo did not suffer any prejudice. Thus, his first claim of ineffective assistance fails.
 
 
 8
 Gidiglo next claims that counsel was ineffective for his failure to petition for review of the BIA's initial decision. We find no prejudice from counsel's failure to appeal the BIA's decision.* This Court reviews a BIA decision denying a claim of asylum only to discover whether the evidence was "so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." INS v. Elias-Zacarias, 60 U.S.L.W. 4130, 4132 (U.S.1992). The record reveals that the decisions of the IJ and BIA denying Gidiglo's asylum claim were supported by substantial evidence. His fear of persecution was born of the cancellation of his scholarship to a United States college and his fear that military training in the United States would cause him to be viewed as a spy. Further, his family, who remained in Ghana, were not harmed nor subjected to threat of harm. Finally, Gidiglo's earlier confrontations with the now-ruling leaders of Ghana did not result in any significant deprivations of liberty. This evidence would not have caused us to reverse the earlier order decision of the BIA; thus, his attorney's failure to petition for review did not result in prejudice to Gidiglo.
 
 
 9
 Finally, Gidiglo contends that he made out a prima facie case for suspension of deportation pursuant to 8 U.S.C.A.Sec. 1254(a)(1) (West 1970 & Supp.1993). Again, we review this issue for abuse of discretion. We find that Gidiglo did not set forth particular facts underlying his claim of extreme hardship as required. INS v. Wang, 450 U.S. 139, 140-41 (1981). Further, we find that the facts alleged by Gidiglo, even if assumed to be set forth with the particularity required, do not meet his burden to show that extreme hardship would befall him or his family if he were returned to Ghana. The BIA did not abuse its discretion in denying the motion to reopen for a showing of a prima facie case for suspension of deportation.
 
 
 10
 In sum, we affirm the BIA's final decision denying Gidiglo's motion to reopen his deportation proceedings. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 11
 AFFIRMED.
 
 
 
 *
 Contrary to the criminal appeal context, where failure to appeal is per se ineffective assistance, United States v. Peak, 992 F.2d 39, 42 (4th Cir.1993), prejudice must be shown where appellate defaults in INS proceedings occur