36 F.3d 1094
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Arnulfo D. BENAVIDES, a/k/a Arnold, Defendant-Appellant.
 No. 93-7147.
 United States Court of Appeals, Fourth Circuit.
 Submitted: July 5, 1994.
Decided: September 23, 1994.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Newport News. Robert G. Doumar, District Judge. (CR-92-67, CA-93-65)
 Arnulfo D. Benavides, Appellant Pro Se.
 Helen F. Fahey, United States Attorney, Norfolk, Virginia, for Appellee.
 E.D.Va.
 VACATED AND REMANDED.
 Before WILKINSON, NIEMEYER, and MICHAEL, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Arnulfo Benavides, a federal prisoner, appeals the district court's denial of his 28 U.S.C. Sec. 2255 (1988) motion. Because a portion of the district court's final order violates the rule articulated in United States v. Peak, 992 F.2d 39 (4th Cir.1993), we vacate the order and remand for further proceedings.
 
 
 2
 Benavides pled guilty to one count of conspiracy to distribute marijuana in violation of 21 U.S.C. Sec. 846 (1988). He was sentenced to 240 months imprisonment. No appeal was taken.
 
 
 3
 Benavides filed this Sec. 2255 motion claiming, inter alia, that he was denied the effective assistance of counsel because his attorney failed to file an appeal. The district court assumed that movant's counsel failed to file a notice of appeal and that he did so without Benavides's consent. It held, however, that notwithstanding these assumptions, Benavides could not show the prejudice required to prove ineffectiveness assistance of counsel as he had no meritorious grounds for appeal.
 
 
 4
 A criminal defendant's counsel who fails to file an appeal when requested by his client "deprives the defendant of his Sixth Amendment right to the assistance of counsel, notwithstanding that the lost appeal may not have had a reasonable probability of success." United States v. Peak, 992 F.2d 39, 42 (4th Cir.1993). In Peak, this Court reversed the district court's denial of Sec. 2255 relief and remanded with instructions that the judgment of conviction against the petitioner be vacated and a new one entered from which he could appeal. Here the district court's holding violated the rule of Peak that a showing of a reasonable probability of success is not required.
 
 
 5
 Accordingly, we vacate the district court's order and remand the case for further proceedings on whether Benavides requested an appeal. We dispense with oral argument as the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 VACATED AND REMANDED