60 F.3d 825
NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Michael BURGESS, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael BURGESS, Defendant-Appellant.
 Nos. 94-6833, 95-6656 & 94-8042.
 United States Court of Appeals, Fourth Circuit.
 Submitted May 31, 1995.
Decided June 22, 1995.
 
 Michael Burgess, Appellant Pro Se.
 Robert Clifford Chesnut, Asst. U.S. Atty., Alexandria, Virginia, for Appellee.
 Before HALL, MURNAGHAN, and HAMILTON, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Michael Burgess appeals from the district court's order denying relief on his 28 U.S.C. Sec. 2255 (1988) motion (No. 95-6656) and from its order denying his motion for reconsideration (No. 94-6883). Burgess pled guilty in November 1988 to distribution of fifty or more grams of crack cocaine (21 U.S.C.A. Sec. 841(a)(1) (West 1981 & Supp.1995)) and possession of a firearm by a convicted felon (18 U.S.C.A. Sec. 922(g) (West 1976 & Supp.1995)). He was sentenced to 230 months imprisonment on each count, to run concurrently.
 
 
 2
 In his Sec. 2255 motion, Burgess claimed (1) that the Government breached the terms of the plea agreement by failing to file a Rule 35(b) motion for reduction of his sentence based on "good conduct"; (2) that he was improperly denied a two-point reduction for acceptance of responsibility;[1] and (3) that he was denied effective assistance of counsel because, inter alia, his attorney failed to note an appeal as instructed by Burgess. The district court found all of these claims to be without merit and denied relief. Burgess appeals both from this order and from the district court's subsequent order denying his motion for reconsideration.
 
 
 3
 Burgess alleged that, at the conclusion of his sentencing hearing, he instructed his attorney, George Doss, to file a notice of appeal on his behalf and that Doss failed to do so. This court has held that "a criminal defense attorney's failure to file a notice of appeal when requested by his client deprives the defendant of his Sixth Amendment right to the assistance of counsel, notwithstanding that the lost appeal may not have had a reasonable probability of success." United States v. Peak, 992 F.2d 39, 42 (4th Cir.1993).
 
 
 4
 Doss submitted an affidavit in which he stated that"[Burgess's] allegation that he instructed affiant to file a Notice of appeal of his sentence is false .... the affiant did not assure [Burgess] that he would note the appeal as [Burgess] alleges." Based on this affidavit, the district court held that Burgess had failed to state an ineffective assistance claim.[2] Because there was conflicting evidence before the district court on this issue, the district court should have conducted a hearing in order to make a factual determination. See Becton v. Barnett, 920 F.2d 1190 (4th Cir.1990) (petitioner's allegation that his attorney failed to file a notice of appeal as instructed warranted remand for evidentiary hearing). Accordingly, in No. 94-6883 and No. 95-6656, we conclude that Burgess is entitled to a remand for appropriate factual findings by the district court.
 
 
 5
 After Burgess filed his notice of appeal from the district court's order denying relief on his Sec. 2255 motion, he filed a motion for reconsideration. The notice of appeal was held in abeyance by the district court pending its ruling on the motion for reconsideration. Burgess filed a petition for a writ of mandamus seeking an order from this court requiring the district court to forward his notice of appeal so that his appeal could proceed. The district court has now entered a final order denying Burgess's motion for reconsideration, and forwarded both notices of appeal (along with the record). Accordingly, although we grant Burgess permission to proceed in forma pauperis in this appeal, we deny the mandamus petition as moot. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 VACATED AND REMANDED
 PETITION DENIED
 
 
 [1]
 See United States Sentencing Commission, Guidelines Manual, Sec. 3E1.1 (Nov.1988)
 
 
 [2]
 The district court noted, at the beginning of its memorandum opinion, that Burgess had not responded to the Government's opposition to his Sec. 2255 motion. However, Burgess's response was received by the district court on the same day that the opinion was entered (December 6, 1993). Although the response was filed beyond the November 10, 1993, deadline for responding to the government's opposition, Burgess had filed a motion for an extension (on November 12, 1993) which was never acted upon by the district court