**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                            No. 96-6601

GEORGE WILLIAM MICHAEL,
Defendant-Appellant.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
J. Frederick Motz, Chief District Judge.
(CR-91-68-JFM, CA-95-3458-JFM)

Submitted: November 26, 1996

Decided: January 15, 1997

Before MURNAGHAN, WILKINS, and WILLIAMS,
Circuit Judges.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

George William Michael, Appellant Pro Se. William Warren Hamel,
OFFICE OF THE UNITED STATES ATTORNEY, Baltimore,
Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Appellant appeals the district court's order denying relief on his motion brought under 28 U.S.C. § 2255 (1994), amended by Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214. We vacate and remand.

Appellant pled guilty in federal court to bank robbery and use of a firearm in a crime of violence. Neither his plea agreement nor the transcripts of his plea hearing reveal any waiver of his right to bring an appeal from either his conviction or his sentence. In his § 2255 motion brought before the district court, Appellant alleges that he requested his attorney to note an appeal from his sentence, but that his attorney never did so. The Government counters this allegation only by stating that it was the attorney's habit to note requested appeals and that even if the attorney failed to note a requested appeal, Appellant had no meritorious claims to present on appeal.

"Unless [a § 2255] motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." § 2255. We find that the Government's response, standing alone, is insufficient to "conclusively show" that Appellant was not entitled to relief. The assertion of the attorney's habit, as used to controvert Appellant's assertion, only serves to illuminate a factual dispute of constitutional import. The assertion that Appellant had no bases from which to launch an appeal is likewise insufficient to establish the conclusiveness required to dismiss a § 2255 motion prior to a hearing, for failure to perfect a requested appeal of right constitutes ineffective assistance even if the lost appeal had no reasonable probability of success. United States v. Peak, 992 F.2d 39, 41-42 (4th Cir. 1993); see also Becton v. Barnett, 920 F.2d 1190, 1195 (4th Cir. 1990).

Accordingly, we find that the district court's dismissal of Appellant's § 2255 motion prior to a hearing was improper. We therefore vacate the district court's order and remand Appellant's motion for further consideration. We also deny Appellant's motion for default

2

judgment under Fed. R. Civ. P. 55 as meritless. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

<u>VACATED AND REMANDED</u>

3