**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                              No. 95-5933

ROY LEE CLAY,
Defendant-Appellant.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
William M. Nickerson, District Judge.
(CR-92-399-WMN)

Submitted: January 14, 1997

Decided: February 7, 1997

Before HAMILTON and LUTTIG, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Barbara Gold, Baltimore, Maryland; Philip Howard Gold, Ellicott
City, Maryland, for Appellant. Lynne A. Battaglia, United States
Attorney, Richard C. Kay, Assistant United States Attorney, Balti-
more, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Roy Lee Clay ("Clay") pled guilty to one count of possession with intent to distribute heroin in violation of 21 U.S.C. § 841(a)(1) (1994). On appeal, Clay contends that the district court erred in denying his motion to suppress and that the indictment violated the Double Jeopardy Clause. We affirm.*

Clay challenges the district court's denial of his motion to suppress evidence on two grounds. We review the district court's legal conclusions in denying the motion to suppress de novo and the court's factual findings for clear error. United States v. Han, 74 F.3d 537, 540 (4th Cir.), cert. denied, ___ U.S. ___, 64 U.S.L.W. 3807 (U.S. June 3, 1996) (No. 95-8891).

Clay first contends that the district court's factual finding that Kennedy Oratokhai ("Oratokhai") received a shipment of heroin on May 29, 1991, was clearly erroneous. FBI Agent Johnston testified that Oratokhai was under surveillance using PEN registers, clone beepers,

_____

*The district court relied on United States v. Peak, 992 F.2d 39 (4th Cir. 1993), to grant Clay's motion under 28 U.S.C.§ 2255 (1994), amended by Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214, alleging ineffective assistance of counsel for failing to raise the issues discussed herein in a previous direct appeal. We note that the court's reliance on Peak was misplaced given that Clay requested and already was afforded a direct appeal from his conviction. See United States v. Clay, No. 93-5628 (4th Cir. Mar. 25, 1994) (unpublished). Any error was harmless, however, because even if we remanded the case to the district court for it to consider Clay's ineffective assistance claim on the merits, Clay would not be able to establish that there was a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial. See Hill v. Lockhart, 474 U.S. 52, 58-59 (1985).

2

and informants. Police had identified two pages from Oratokhai's heroin supplier on May 29--one from Philadelphia and one from Washington, D.C.--suggesting that the supplier had arrived near Oratokhai's residence. It is reasonable to believe, therefore, that the supplier contacted Oratokhai to deliver a shipment of heroin to him. We therefore find that the record contains sufficient evidence to support the district court's finding.

Clay also asserts that officers did not have probable cause to stop and arrest him. Given the totality of the circumstances, see Illinois v. Gates, 462 U.S. 213, 230-31 (1983), however, a substantial basis supported the district court's conclusion that probable cause existed before officers stopped Clay's vehicle. Agent Johnston testified that a reliable informant told police that Clay was one of Oratokhai's main customers and that Clay picked up a shipment of heroin from Oratokhai in February 1991. Further, Agent Johnston suspected that Oratokhai had received a heroin shipment on May 29 after identifying his supplier's number twice on the clone beeper. On May 30, officers recognized Clay's number on the Oratokhai clone beeper, and Clay visited Oratokhai that day. Any information Agent Johnston had regarding Clay's activities may be imputed to the arresting officers under the aggregate theory adopted by the Supreme Court in United States v. Hensley, 469 U.S. 221, 233 (1985). Given the totality of the circumstances, we find that the officers had probable cause to stop and arrest Clay. Finally, because Clay's arrest occurred immediately after officers discovered heroin in his shoes, the search may be deemed incident to the arrest. See United States v. Miller, 925 F.2d 695, 698 (4th Cir. 1991) (citing Rawlings v. Kentucky, 448 U.S. 98, 111 (1980)). The denial of the motion to suppress therefore was proper.

Finally, Clay contends that his indictment for possession with intent to distribute heroin violates the Double Jeopardy Clause. Clay's indictment for possession after he was acquitted of conspiring to distribute heroin is not barred by the Double Jeopardy Clause because "conspiracy to commit an offense and the offense itself . . . are separate offenses for double jeopardy purposes." United States v. Felix, 503 U.S. 378, 390-91 (1992); United States v. Ambers, 85 F.3d 173, 178 (4th Cir. 1996) (noting that conspiracy is a distinct crime from overt acts that support it and citing Felix, 503 U.S. at 389-92).

3

Accordingly, we affirm Clay's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4