**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                      No. 97-6725

VINCENT HARRIS,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
Malcolm J. Howard, District Judge.
(CR-93-59-H, CA-97-13-4-H)

Submitted: November 25, 1997

Decided: December 31, 1997

Before HAMILTON, LUTTIG, and MOTZ, Circuit Judges.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

Vincent Harris, Appellant Pro Se.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Vincent Ray Harris appeals from the district court's order denying relief on his 28 U.S.C.A. § 2255 (West 1994 & Supp. 1997) motion. Harris pled guilty to bank robbery and was sentenced to sixty-six months imprisonment. In his § 2255 motion, Harris claimed he received ineffective assistance of counsel when his attorney failed to note an appeal as instructed by Harris. The district court found his claim to be without merit and denied relief.* Harris appeals from this order.

This court has held that "a criminal defense attorney's failure to file a notice of appeal when requested by his client deprives the defendant of his Sixth Amendment right to the assistance of counsel, notwithstanding that the lost appeal may not have had a reasonable probability of success." United States v. Peak, 992 F.2d 39, 42 (4th Cir. 1993). Unless it is clear from the pleadings, files, and records that the prisoner is not entitled to relief, § 2255 makes an evidentiary hearing mandatory. 28 U.S.C.A. § 2255; see Raines v. United States, 423 F.2d

_____

*The government filed a motion for summary judgment. Harris was granted an enlargement of time in which to respond to the motion, but failed to respond within the extended time period. As such, pursuant to Local Rule 4.04, the district court granted the government's motion and dismissed the action. Nevertheless, "in an abundance of caution," the court evaluated the merits of Harris's claim and concluded the claim was meritless.

However, Harris did respond prior to entry of the court's order with an affidavit in which he reasserted that he had requested counsel to note an appeal. The affidavit was filed on April 28, 1997, two days before the court's order was entered on April 30, 1997, and ten days after the extended time in which the court had set for a response on April 18, 1997. The court's memorandum opinion did not mention Harris's affidavit and it appears as though the district court construed it as a notice of appeal, even though it was filed two days before the court's order was entered. Even if the court did not consider the affidavit, Harris's complaint was verified, and a verified complaint is the equivalent of an opposing affidavit for summary judgment purposes. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991).

2

526, 529 (4th Cir. 1970). The district court's determinations as to whether to hold a hearing under § 2255 and whether petitioner is required to be present at the hearing are reviewed for abuse of discretion. Raines, 423 F.2d at 529-30. Notwithstanding the court's wide discretion in the matter, "[t]here will remain, however, a category of petitions, usually involving credibility, that will require an evidentiary hearing in open court." Id. "When the issue is one of credibility, resolution on the basis of affidavits can rarely be conclusive . . . ." Id.

There is a factual dispute as to whether Harris requested his attorney, Elizabeth Manton, to file a direct appeal following his conviction. By verified complaint, Harris alleged that Manton failed to file a notice of appeal as requested. See Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991) (holding that a verified complaint can substitute for an affidavit opposing summary judgment). Manton did not submit an affidavit; instead, the court relied on an affidavit submitted by the acting Federal Public Defender, Edwin Walker, who stated that after speaking with Manton, it was his understanding that Harris said he did not wish to pursue an appeal. Based on Walker's affidavit, the court's own recollection and notes of the "overwhelming" evidence against Harris, the plea agreement, the Rule 11 colloquy, and counsel's performance at trial, the district court held that Manton did in fact provide "effective and zealous representation of the petitioner both before, during and after the judgment."

Because the evidence on the issue was conflicting, the district court should have conducted a hearing before making a factual determination. See Becton v. Barnett, 920 F.2d 1190 (4th Cir. 1990) (petitioner's allegation that his attorney failed to file a notice of appeal as instructed required remand for evidentiary hearing). Accordingly, we grant a certificate of appealability and remand with instructions for the district court to conduct an evidentiary hearing to make appropriate factual findings.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED

3