**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 97-6481

YAHYA ABDULLAH SABIR, a/k/a John Wesley
Sydnor,

                                        Petitioner - Appellant,

           versus

THOMAS R. CORCORAN; ATTORNEY GENERAL OF THE
STATE OF MARYLAND,

                                        Respondents - Appellees.

Appeal from the United States District Court for the District of
Maryland, at Baltimore. Frederic N. Smalkin, District Judge. (CA-
96-3569-S)

Submitted: May 26, 1998          Decided: June 18, 1998

Before ERVIN, HAMILTON, and MICHAEL, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Yahya Abdullah Sabir, Appellant Pro Se. John Joseph Curran, Jr.,
Attorney General, Celia Anderson Davis, OFFICE OF THE ATTORNEY
GENERAL OF MARYLAND, Baltimore, Maryland, for Appellees.

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Yahya Abdullah Sabir seeks to appeal the district court's order denying relief on his petition filed under 28 U.S.C.A. § 2254 (West 1994 & Supp. 1998). We have reviewed the record and the district court's opinion and find no reversible error.[*] Accordingly, we deny a certificate of appealability and dismiss the appeal on the reasoning of the district court. <u>Sabir v. Corcoran</u>, No. CA-96-3569-S (D. Md. Mar. 26, 1997). We deny the motion for appointment of counsel and dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

---

[*] The district court erroneously found that Sabir had failed to state a claim under <u>United States v. Peak</u>, 992 F.2d 39 (4th Cir. 1993), because the claim that Sabir wished to raise on direct appeal lacked merit. A failure to file a requested notice of appeal is a per se violation of the Sixth Amendment regardless of the probability of the success of the appeal. <u>See</u> <u>id.</u> at 42. However, a notice of appeal was filed in this case. Therefore, we conclude that there was no violation of <u>Peak</u>, despite the controversy over withdrawing and reinstating the appeal. The withdrawal and apparent requested reinstatement occurred after expiration of the time to note the appeal but while the appeal was awaiting disposition.