**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 97-6825

JERRY LEE WATSON,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Greenville.
Henry M. Herlong, Jr., District Judge.
(CR-92-143, CA-96-3243-6-20AK)

Submitted: May 29, 1998

Decided: June 24, 1998

Before ERVIN and MOTZ, Circuit Judges, and
HALL, Senior Circuit Judge.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

Jerry Lee Watson, Appellant Pro Se. William Corley Lucius, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Jerry Lee Watson pled guilty to distribution of cocaine base. He did not file a direct appeal. In his 28 U.S.C.A. § 2255 (West 1994 & Supp. 1998) motion filed in the district court he alleged that: (1) the district court erred by enhancing his sentence for crack cocaine because he only pled guilty to cocaine base; (2) he received ineffective assistance because his counsel failed to object to his sentencing for crack; and (3) his attorney was ineffective for failing to file a notice of appeal as requested. The district court granted the Government's motion for summary judgment and dismissed all claims. Watson appeals.

On appeal the Government has filed a motion to remand because the district court failed to conduct an evidentiary hearing into whether Watson actually requested that his attorney file a notice of appeal. Rather, the district court, on the basis of competing affidavits alone, made a factual finding that Watson did not request that his attorney file a notice of appeal. As noted by the Government in its motion to remand, this was error. See United States v. Peak, 992 F.2d 39, 42 (4th Cir. 1993) ("[A] criminal defense attorney's failure to file a notice of appeal when requested by his client deprives the defendant of his Sixth Amendment right to the assistance of counsel, notwithstanding that the lost appeal may not have had a reasonable probability of success."); Becton v. Barnett, 920 F.2d 1190, 1192 (4th Cir. 1990) (holding that in a habeas proceeding where material facts are in dispute, a federal court must hold an evidentiary hearing unless facts were resolved in a prior state hearing).

Accordingly we grant a certificate of appealability, vacate the district court's order, grant the Government's motion to remand, and direct the district court to conduct an evidentiary hearing consistent with this opinion. We express no opinion regarding the propriety of Watson's other two claims. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED