**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                          No. 97-7138

DAVID EUGENE CRAWFORD,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of North Carolina, at Shelby.
Malcolm J. Howard, District Judge.
(CR-93-11, CA-97-3-4-V)

Submitted: August 18, 1998

Decided: September 3, 1998

Before MURNAGHAN, ERVIN, and MOTZ, Circuit Judges.

_____

Vacated in part, dismissed in part, and remanded by unpublished per
curiam opinion.

_____

**COUNSEL**

David Eugene Crawford, Appellant Pro Se. Jerry Wayne Miller,
OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North
Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

David E. Crawford appeals from the district court's orders denying his motion filed pursuant to 28 U.S.C.A. § 2255 (West 1994 & Supp. 1998), and his motion for reconsideration. We deny Crawford's motion for a certificate of appealability as to all claims other than Crawford's claim of ineffective assistance of counsel for failure to file an appeal, and dismiss those claims on the reasoning of the district court that the evidence does not support Crawford's claims for relief. United States v. Crawford, Nos. CR-93-11; CA-97-3-4-V (W.D.N.C. July 2, 1997).

A defense attorney's failure to comply with his client's request to file an appeal constitutes per se ineffective assistance of counsel. See United States v. Peak, 992 F.2d 39, 42 (4th Cir. 1993). Furthermore, a district court may not credit an attorney's affidavit over a petitioner's verified papers without conducting an evidentiary hearing. See Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991). Accordingly, we grant Crawford's motion for a certificate of appealability as to the limited claim of ineffective assistance of counsel based on counsel's alleged failure to file an appeal after being asked to do so, vacate in part as to that claim, and remand that claim to the district court for an evidentiary hearing. We deny Crawford's motion to amend his informal brief.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED IN PART, DISMISSED IN PART, AND REMANDED

2