UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                         No. 98-4465

BERKLEY S. POLLARD, a/k/a Tojo,
Defendant-Appellant.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
J. Frederick Motz, Chief District Judge.
(CR-96-210-JFM)

Submitted: March 31, 1999

Decided: August 11, 1999

Before MURNAGHAN, NIEMEYER, and WILLIAMS,
Circuit Judges.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

Thanos Kanellakos, Baltimore, Maryland, for Appellant. Lynne A.
Battaglia, United States Attorney, Martin J. Clarke, Assistant United
States Attorney, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Berkley S. Pollard filed a motion under 28 U.S.C.§ 2255 (West 1994 & Supp. 1998) in June 1997, raising five claims challenging his 165-month sentence for distribution of cocaine. In United States v. Pollard, No. 97-7562 (4th Cir. Apr. 7, 1998) (unpublished), this court upheld the district court's denial of relief as to four of those claims; with respect to Pollard's claim that his attorney failed to file an appeal as requested, we granted a certificate of appealability and remanded to the district court for an evidentiary hearing and appropriate factual findings.

At the conclusion of the hearing on remand, the district court found that Pollard had in fact requested his attorney to file an appeal on his behalf. Although the opinion states the district court's intention to reinstate Pollard's right to appeal, the docket sheet does not reflect re-entry of the judgment and commitment order. See United States v. Peak, 992 F.2d 39, 42 (4th Cir. 1993) (remedy for defense attorney's failure to comply with client's request to file an appeal is to reimpose judgment to allow defendant to note appeal). Accordingly, we vacate the order and remand to the district court to re-enter the judgment and commitment order to allow Pollard to note a timely direct appeal. See Fed. R. App. P. 4(b) (providing that notice of appeal in a criminal case must be filed within ten days after entry of judgment).*

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and

_____

*The district court's opinion also addresses an ineffective assistance claim raised by Pollard at the hearing on remand. Because the issue is beyond the scope of this court's mandate, see United States v. Bell, 5 F.3d 64, 66 (4th Cir. 1993), the district court was without jurisdiction to consider this claim. Rather, Pollard must seek authorization from this court, pursuant to 28 U.S.C.A. § 2244 (West Supp. 1998), to file a successive § 2255 motion.

argument would not aid the decisional process.

<u>VACATED AND REMANDED</u>

3