**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.                                        No. 01-7039

YUESEYUAN CRUEL,
          *Defendant-Appellant.*

Appeal from the United States District Court
for the District of South Carolina, at Greenville.
Henry M. Herlong, Jr., District Judge.
(CR-99-625, CA-01-708-6-20)

Submitted: October 10, 2001

Decided: October 22, 2001

Before MICHAEL, KING, and GREGORY, Circuit Judges.

---

Vacated and remanded by unpublished per curiam opinion.

---

**COUNSEL**

Yueseyuan Cruel, Appellant Pro Se. David Calhoun Stephens, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Yueseyuan Cruel appeals from the district court's order denying his motion filed under 28 U.S.C.A. § 2255 (West Supp. 2001). For the reasons that follow, we grant a certificate of appealability and vacate and remand for further proceedings.

In the district court below, Cruel made several allegations of error including that his counsel was ineffective for failing to file a notice of appeal from his conviction for uttering counterfeit securities. The district court denied all of Cruel's claims. The court found Cruel's claim that his attorney provided ineffective assistance by not filing a notice of appeal failed because Cruel had not shown that he specifically asked his attorney to appeal. The court relied on *United States v. Peak*, 992 F.2d 39, 42 (4th Cir. 1993), as authority for this finding.

When a client does not specifically instruct counsel to appeal, whether counsel has been ineffective by failing to appeal depends upon whether counsel consulted with the defendant. *Roe v. Flores-Ortega*, 528 U.S. 470, 476-77 (2000); *see also Hudson v. Hunt*, 235 F.3d 892, 896-97 (4th Cir. 2000) (applying *Roe* and finding defendant's attorneys were constitutionally deficient for failing to consult with defendant regarding an appeal). Thus, we vacate and remand this appeal for the district court to conduct an analysis under *Roe*. We deny Cruel's motions for judgment, summary judgment, to expedite, for bail pending appeal, to suppress evidence, and for a writ of mandamus. We decline to address the other issues raised in this appeal.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*VACATED AND REMANDED*