# UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

         *Plaintiff-Appellee,*

v.

LEROY KILLIAN,

         *Defendant-Appellant.*

No. 01-7470

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Graham C. Mullen, Chief District Judge.
(CR-93-74, CR-93-80, CA-96-517-3-MU)

Submitted: November 26, 2001

Decided: December 20, 2001

Before WILKINS, NIEMEYER, and MOTZ, Circuit Judges.

---

Vacated in part and remanded by unpublished per curiam opinion.

---

## COUNSEL

Leroy Killian, Appellant Pro Se. Brian Lee Whisler, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Leroy Killian seeks to appeal the district court's order denying his motion filed under 28 U.S.C.A. § 2255 (West Supp. 2001). Killian filed a habeas motion under § 2255 on December 6, 1996. He claimed ineffective assistance of counsel for his attorney's alleged failures to perfect a direct appeal, to inform Killian that he was subject to a career offender enhancement, and to object to the Pre-Sentencing Report. On March 7, 2001, the district court found Killian raised a legitimate ineffective assistance of counsel claim as to his attorney's failure to perfect a direct appeal pursuant to *United States v. Peak*, 992 F.2d 39, 42 (4th Cir. 1993). The court denied the remainder of Killian's ineffective assistance claims. It vacated Killian's original judgment and entered a new judgment to permit Killian a renewed opportunity to seek a direct appeal.

Although the district court granted Killian's § 2255 motion insofar as it entered a new judgment, it denied the remainder of Killian's habeas claims. Because Killian has never had a direct appeal, however, taking further action on Killian's motion beyond granting his *Peak* claim was inappropriate. The district court should have dismissed the remaining claims without prejudice to Killian's right to file another habeas motion, if necessary, after a direct appeal. Moreover, as a criminal defendant has a right to counsel throughout the direct appeal, *see Douglas v. California*, 372 U.S. 353, 357-58 (1963), the district court should have appointed counsel for Killian when it made its ruling. Accordingly, we grant a certificate of appealability and vacate the district court's March 7 order to the extent it denied Killian's § 2255 claims other than his *Peak* claim, and remand with instructions for the district court to dismiss the non-*Peak* claims without prejudice. The district court is further instructed to appoint counsel for Killian to assist him with the pursuit of his direct appeal. We dispense with oral argument, because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*VACATED IN PART AND REMANDED WITH INSTRUCTIONS*