**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

ARTHUR W. PRIVOTT, a/k/a Big Bud,

*Defendant-Appellant.*

No. 01-6148

Appeal from the United States District Court
for the District of North Carolina, at Elizabeth City.
Terrence W. Boyle, Chief District Judge.
(CR-98-5, CA-99-73-2-BO)

Submitted: February 26, 2002

Decided: March 29, 2002

Before WIDENER, WILKINS, and KING, Circuit Judges.

---

Vacated and remanded by unpublished per curiam opinion.

---

**COUNSEL**

Arthur W. Privott, Appellant Pro Se.

---

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Arthur W. Privott appeals from the dismissal of his 28 U.S.C.A. § 2255 (West Supp. 2001) motion, attacking his conviction and sentence for violating 21 U.S.C.A. § 846 (West 1999 & Supp. 2001). For the following reasons, we vacate and remand for further proceedings.

Privott claims that his counsel was ineffective for failing to file a notice of appeal following his sentencing. The district court rejected this claim, finding that Privott failed to show prejudice. This finding was erroneous, however, under this court's decision in *United States v. Peak*, 992 F.2d 39, 42 (4th Cir. 1993). In *Peak*, we held that counsel's failure to pursue an appeal requested by a defendant constitutes ineffective assistance of counsel regardless of the likelihood of success on the merits. *Id.* Thus, if counsel promises to note an appeal and then fails to do so, petitioner is entitled to relief in the form of a belated appeal. *Id.*; *see also Roe v. Flores-Ortega*, 528 U.S. 470 (2000).

We note that this case differs from *Peak* in that the parties dispute whether Privott directed his counsel to file a notice of appeal. Further, the record is unclear as to whether or not Privott's counsel consulted with him regarding an appeal. Even if a defendant does not specifically instruct counsel to appeal, counsel may still have a duty to consult with his client about an appeal. *Roe*, 528 U.S. at 478. These issues must be addressed in the first instance by the district court.

Accordingly, we grant a certificate of appealability and vacate the district court's order and remand for compliance with this opinion, *Peak*, and *Roe*. We decline to address any other claims on appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*VACATED AND REMANDED*