UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.

BENJAMIN DELANO KIRBY, JR.,
          *Defendant-Appellant.*

No. 01-7952

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Andre M. Davis, District Judge.
(CR-99-463, CA-01-631-AMD)

Submitted: April 22, 2002

Decided: May 31, 2002

Before WIDENER, LUTTIG, and MICHAEL, Circuit Judges.

---

Vacated and remanded by unpublished per curiam opinion.

---

### COUNSEL

Benjamin Delano Kirby, Jr., Appellant Pro Se. Harvey Ellis Eisenberg, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Benjamin Kirby appeals from the dismissal of his 28 U.S.C.A. § 2255 (West Supp. 2001) motion, attacking his conviction and sentence for violating 21 U.S.C.A. § 841(a)(1) (West 1999 & Supp. 2001). We vacate and remand for further proceedings.

Kirby's claim that his counsel was ineffective for failing to file a notice of appeal after being requested to do so following Kirby's sentencing was rejected by the district count because Kirby waived his appellate rights. Under this court's decision in *United States v. Peak*, 992 F.2d 39, 42 (4th Cir. 1993), we find the district court's dismissal of this claim to be in error. In *Peak*, we held that counsel's failure to pursue an appeal requested by a defendant constitutes ineffective assistance of counsel regardless of the likelihood of success on the merits. *Id.* Thus, if counsel promises to note an appeal and then fails to do so, petitioner is entitled to relief in the form of a belated appeal. *Id.*; *see also Roe v. Flores-Ortega*, 528 U.S. 470 (2000).

We note that this case differs from *Peak* in that the parties dispute whether Kirby directed his counsel to file a notice of appeal. Further, the record is unclear as to whether or not Kirby's counsel consulted with him regarding an appeal. Even if a defendant does not specifically instruct counsel to appeal, counsel may still have a duty to consult with his client about an appeal. *Roe*, 528 U.S. at 478. These issues must be addressed in the first instance by the district court.

Accordingly, we grant a certificate of appealability and vacate the district court's order and remand for compliance with this opinion, *Peak*, and *Roe*. We decline to address any other claims on appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*VACATED AND REMANDED*