# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
  *Plaintiff-Appellee,*

v.

DEMETRIUS DAVIS, a/k/a Meatman,
  *Defendant-Appellant.*

No. 03-4364

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Benson Everett Legg, Chief District Judge.
(CR-97-248-L)

Submitted: October 3, 2003

Decided: October 16, 2003

Before WILLIAMS, MOTZ, and TRAXLER, Circuit Judges.

___

Vacated and remanded by unpublished per curiam opinion.

___

**COUNSEL**

Michael D. Montemarano, MICHAEL D. MONTEMARANO, P.A., Elkridge, Maryland, for Appellant. Thomas M. DiBiagio, United States Attorney, Christine Manuelian, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

___

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Demetrius Davis pled guilty on August 30, 1999, to one count of conspiracy to distribute cocaine and cocaine base, 21 U.S.C. § 846 (2000), and three underlying distribution counts, 21 U.S.C. § 841 (2000). He was sentenced on November 9, 2000, to 210 months of imprisonment.

Davis did not file a timely appeal of his sentence. On November 8, 2001, Davis filed a 28 U.S.C. § 2255 (2000) motion alleging, inter alia, ineffective assistance of counsel in that his attorney failed to file an appeal on his behalf as requested. By order entered April 4, 2003, the district court granted Davis leave to file a belated criminal appeal and dismissed his remaining § 2255 claims. Davis filed his appeal on April 9, 2003.

Criminal defendants have ten days from the entry of the judgment to file a notice of appeal. Fed. R. App. P. 4(b). Upon a finding of excusable neglect or good cause, a court may extend the appeal period for up to thirty days beyond the expiration of the ten-day appeal period. Fed. R. App. P. 4(b)(4). The appeal periods established by Rule 4(b) for criminal appeals are mandatory and jurisdictional. *United States v. Raynor*, 939 F.2d 191, 197 (4th Cir. 1991).

Where a criminal defendant's counsel fails to file a direct appeal as requested, the proper remedy is to vacate the judgment of conviction and re-enter the judgment from which a new appeal may be taken. *United States v. Peak*, 992 F.2d 39, 42 (4th Cir. 1993). Here, the district court did not have jurisdiction to grant leave to Davis to file a belated notice of appeal. Accordingly, we vacate the district court's order granting leave to file a belated notice of appeal with instructions to comply with *Peak*.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*VACATED AND REMANDED*