**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 03-4491**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

SHELBY PERSON,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston.  Joseph Robert Goodwin, District Judge.  (CR-01-60)

———————

Submitted:  November 21, 2003        Decided:  February 11, 2004

———————

Before WIDENER, NIEMEYER, and LUTTIG, Circuit Judges.

———————

Dismissed by unpublished per curiam opinion.

———————

James R. Akers, II, HUDDLESTON, BOLEN, BEATTY, PORTER & COPEN, L.L.P., Charleston, West Virginia, for Appellant.  Kasey Warner, United States Attorney, John J. Frail, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Shelby Person seeks to appeal the district court's order adopting the proposed findings and recommendation of the magistrate judge and granting relief on his motion filed under 28 U.S.C. § 2255 (2000). An appeal may not be taken from the final order in a § 2255 proceeding unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1) (2000). A certificate of appealability will not issue for claims addressed by a district court absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683 (4th Cir. 2001). We have independently reviewed the record and conclude that Person has not made the requisite showing.* Accordingly, we deny a certificate of

---

*Upon finding that Person's original counsel failed to file a notice of appeal from the criminal judgment, the district court ordered the appropriate relief under United States v. Peak, 992 F.2d 39 (4th Cir. 1993): the re-entry of judgment to permit Person to pursue a timely direct appeal. This wholly rectified the ineffectiveness of Person's original counsel; no further relief was needed to undo the harm caused by that attorney's failure to comply with Person's request that counsel file a notice of appeal. While it is inexplicable that no notice of direct appeal was filed on Person's behalf following the re-entry of judgment by the district court in this post-conviction proceeding, the present appeal from

appealability and dismiss the appeal.   We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

---

the grant of relief under § 2255 is not the appropriate forum in which issues that should have been raised on direct appeal may be pursued.