**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                                              No. 97-4760

STEPHEN C. THOMPSON,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the Southern District of West Virginia, at Beckley.
Elizabeth V. Hallanan, Senior District Judge.
(CR-95-69)

Submitted: February 10, 1998

Decided: February 26, 1998

Before MOTZ, Circuit Judge, and HALL and
PHILLIPS, Senior Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Cheryl J. Sturm, Westtown, Pennsylvania, for Appellant. Rebecca A.
Betts, United States Attorney, Michael L. Keller, Assistant United
States Attorney, Charleston, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Appellant Stephen Thompson pled guilty to distribution of cocaine base.**1** After his direct appeal was dismissed for failure to file a timely notice of appeal, Thompson moved for habeas corpus relief under 28 U.S.C.A. § 2255 (West 1994 & Supp. 1997) on various grounds, including ineffective assistance of counsel. Acting on that motion, the district court vacated and reinstated Thompson's sentence, thus allowing him another opportunity to perfect a direct appeal. Finding no error in the disposition of Thompson's § 2255 motion or the underlying criminal proceedings, we affirm.

In May 1995, a federal grand jury indicted Thompson on numerous drug charges.**2** After initially pleading not guilty, Thompson entered into a plea agreement with the government. He pled guilty in September to one count of distribution of cocaine base, **3** and was sentenced to 210 months imprisonment. Thompson's notice of direct appeal was untimely filed, and this court granted the government's motion to dismiss the appeal as untimely.**4**

In April 1997, Thompson moved for habeas corpus relief under § 2255, claiming among other things that his counsel had been ineffective by failing to file a timely notice of appeal. The district court, following the procedure endorsed by this circuit in United States v. Peak, 992 F.2d 39 (4th Cir. 1993), granted Thompson relief by vacating and immediately reimposing his judgment of conviction, thus allowing him another opportunity to appeal, but denied his other claims. Thompson then timely appealed from the judgment in his habeas action and from the newly reinstated judgment in the underlying criminal proceedings.

_____

**1 See** 21 U.S.C. § 841(a)(1) (1994).
**2 See** 21 U.S.C. §§ 841(a)(1), 846 (1994).
**3 Id.**

**4 See United States v. Thompson** , No. 96-4180 (4th Cir. July 12, 1991) (unpublished).

First, Thompson contends that the district court erred by merely reimposing his original sentence in order to restore his appellate rights instead of ordering a new presentence report and conducting a new sentencing hearing. This claim is without merit because the district court's action was totally consistent with this court's decision in Peak.[5]

Second, Thompson asserts that the district court abused its discretion by failing to conduct an evidentiary hearing on his claims that counsel was ineffective at sentencing and that the government breached the plea agreement. Our review of the record discloses the district court did not abuse its discretion by failing to hold an evidentiary hearing.[6] The record demonstrates that Thompson understood his rights and consented to the withdrawal of objections to the presentence report. Further, bald allegations of a verbal promise by the government are insufficient to mandate a hearing.

Third, Thompson claims that the plea agreement's use of "cocaine base" instead of "cocaine base aka `crack,'" as in the indictment, led him to believe that he was pleading guilty to a lessor offense than was charged in the indictment. Thompson's claim is without merit. Contrary to Thompson's assertions, the sentencing guidelines state that cocaine base means crack,[7] and the clear precedent of this circuit is that the terms cocaine base and crack are synonymous.[8] Moreover, Thompson's sentence of 210 months does not exceed the twenty-year maximum sentence contained in the plea agreement; thus, Thompson received the benefit of his bargain.

Finally, Thompson contends that his plea agreement was premised upon a verbal promise by the government that it would move under FED. R. CRIM. P. 35 for a reduction in sentence. Thompson's claim is without merit because the government only offered the possibility of moving for a reduction in sentence. Because the government retained discretion to file a Rule 35 motion and Thompson failed to allege an

_____

[5] See Peak, 992 F.2d at 42.

[6] See Raines v. United States, 423 F.2d 526, 529-30 (4th Cir. 1970).
[7] See U.S. SENTENCING GUIDELINES MANUAL§ 2D1.1(c), note (D) (1997).

[8] See United States v. Fisher, 58 F.3d 96, 98-99 (4th Cir. 1995).

unconstitutional motive for the failure to file, Thompson's claim is without merit.**9**

For the reasons stated herein, we affirm the judgments of the district court in Thompson's habeas action and in the underlying criminal action proceedings. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

AFFIRMED

_____
**9 See United States v. Wallace**, 22 F.3d 84, 87 (4th Cir. 1994).

4