**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 97-4388

JOHN MICHAEL SOUVERAIN, a/k/a
Cutty,
Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of West Virginia, at Bluefield.
David A. Faber, District Judge.
(CR-95-75)

Submitted: April 21, 1998

Decided: May 5, 1998

Before MURNAGHAN, HAMILTON, and WILLIAMS,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Michelle M. M. Price, KING, ALLEN & GUTHRIE, Charleston,
West Virginia, for Appellant. Rebecca A. Betts, United States Attor-
ney, Michael L. Keller, Assistant United States Attorney, Charleston,
West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

John Michael Souverain pleaded guilty to conspiracy to distribute and to possess with intent to distribute cocaine base (crack), 21 U.S.C. § 846 (1994). The district court sentenced Souverain to ninety-six months in prison, to be followed by supervised release of five years. Souverain appeals his conviction and sentence.* His attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), raising three issues for appeal but stating that, in her view, there are no meritorious issues for appeal. Souverain has filed a pro se brief claiming ineffective assistance of counsel. Finding no error, we affirm.

In late 1993, the West Virginia State Police began investigating the distribution of cocaine base in Fayette County, West Virginia. Investigators discovered that Souverain was a member of a drug distribution operation headed by Dennis "Shabba" Burke. Confidential informants purchased 2.73 grams of crack from Souverain on three occasions; the transactions were recorded through the use of body wire transmitters which the informants wore. Additionally, Souverain made several out-of-state trips at the direction of Burke to acquire crack for sale in West Virginia. Reliable evidence established that 252 grams of cocaine base was attributable to Souverain as relevant conduct.

Counsel raises three issues on appeal. None of the issues has merit.

_____

*The district court imposed judgment originally on December 18, 1995. Souverain filed a 28 U.S.C.A. § 2255 (West 1994 & Supp. 1998) motion, claiming that his attorney had failed to file a notice of appeal as he had requested. By order entered May 14, 1997, the district court vacated and immediately reinstated Souverain's original sentence, with credit for time served. See United States v. Peak, 992 F.2d 39 (4th Cir. 1993). Souverain noted a timely appeal from that judgment.

2

First, the record discloses full compliance with Fed. R. Crim. P. 11 at Souverain's plea proceeding. The district court discussed the elements of the offense, explored the factual basis for the plea, ensured that Souverain had consulted with his attorney, ascertained that he understood the rights he waived by virtue of his plea, and determined that Souverain entered his plea freely and voluntarily.

Similarly, the record reveals that Souverain, who did not object to the statements in the presentence investigation report, was sentenced in accordance with the sentencing guidelines. We have observed that "cocaine base" and "crack" are used interchangeably and refer to the same particularly harmful form of cocaine and have found that the more severe penalties for offenses involving crack (or cocaine base) than those involving cocaine powder are constitutional. See United States v. Fisher, 58 F.3d 96, 98-99 (4th Cir. 1995); see also U.S. Sentencing Guidelines Manual § 2D1.1(c), note (D) (1997). Finally, sentencing Souverain for the amount of crack that was reasonably foreseeable to him violated neither double jeopardy nor due process principles. See United States v. Rodriguez-Gonzalez, 899 F.2d 177, 179-82 (2d Cir. 1990); Williams v. Oklahoma, 358 U.S. 576, 584-85 (1959).

In his pro se supplemental brief, Souverain raises three claims of ineffective assistance of counsel. A claim of ineffective assistance of counsel is cognizable on direct appeal only where counsel's deficient performance plainly appears on the face of the record. See United States v. DeFusco, 949 F.2d 114, 120 (4th Cir. 1991). The record does not establish that counsel's performance was deficient. Therefore, Souverain should raise his claims in a motion brought pursuant to 28 U.S.C.A. § 2255.

Finding no error on the record before us, we affirm Souverain's conviction and sentence. This court requires that counsel inform her client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on her client. We dispense with oral argument because the facts and

legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4