UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 98-4496

CHARLES B. REEDY,
Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of West Virginia, at Charleston.
Charles H. Haden II, Chief District Judge.
(CR-96-146)

Submitted: February 23, 1999

Decided: April 22, 1999

Before WILKINS, WILLIAMS, and TRAXLER, Circuit Judges.

_____

Affirmed and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

Matthew A. Victor, Charleston, West Virginia, for Appellant.
Rebecca A. Betts, United States Attorney, Stephen W. Haynie, Assis-
tant United States Attorney, Charleston, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Charles B. Reedy appeals the seventy-month sentence he received after he pled guilty to possession of methamphetamine with intent to distribute, see 21 U.S.C. § 841 (1994), and an order of the district court denying his motion to correct the presentence report. Reedy has filed a motion seeking leave to file a pro se supplemental brief in which he argues the same issues raised in the brief submitted by counsel. For the reasons explained below, we grant leave to file the supplemental brief, affirm the sentence, and remand for correction of an administrative error.

At Reedy's sentencing hearing, the district court decided against an enhancement for possession of a firearm during the offense despite the probation officer's recommendation that the enhancement was warranted. The court also found that Reedy had not accepted responsibility for his conduct because he used marijuana four or five times while on bond awaiting sentencing. Reedy did not note an appeal. He later filed a motion under 28 U.S.C.A. § 2255 (West 1994 & Supp. 1998), contending that his attorney had been ineffective in failing to file a notice of appeal after Reedy requested an appeal. Reedy also filed a motion to correct his presentence report to remove references to the firearms, and pointed out that the district court's factual finding concerning the firearm enhancement had not been attached to the presentence report as required by Rule 32(c)(1) of the Federal Rules of Criminal Procedure. Relying on United States v. Peak, 992 F.2d 39, 42 (4th Cir. 1993), the magistrate judge recommended vacating the judgment and re-entering it to restore Reedy's appeal right, but denying the motion to correct the presentence report. The district court adopted the magistrate judge's recommendation. Following re-entry of the judgment, Reedy appealed.

We first address Reedy's claim of error in the sentence. After he was released on bond pending sentencing, Reedy tested positive for marijuana use on several occasions and his bond was revoked. His attorney represented at sentencing that Reedy used the marijuana because he was addicted to drug use and had found some old marijuana while cleaning his car. However, the district court found that

2

Reedy's decision to use marijuana a number of times rather than seek help for his addiction demonstrated a lack of acceptance of responsibility.

Continued drug use after a guilty plea constitutes additional criminal conduct. In deciding whether the defendant has accepted responsibility, it is appropriate for the district court to consider evidence that the defendant has not voluntarily terminated his criminal conduct. See USSG § 3E1.1, comment. (n.1(a)); United States v. Underwood, 970 F.2d 1336, 1339 (4th Cir. 1992). Consequently, the district court did not clearly err in finding that the adjustment was not appropriate. See United States v. Castner, 50 F.3d 1267, 1279 (4th Cir. 1995) (standard of review).

Next, we find that, under Rule 32(c)(1), if the district court makes a finding on a controverted matter at sentencing (or determines that no finding is necessary because the matter will not be considered in sentencing), "a written record of these findings and determinations must be appended to any copy of the presentence report made available to the Bureau of Prisons." When the district court does not comply with this requirement, the remedy is a remand for attachment of the district court's findings and transmission of the revised presentence report to the Bureau of Prisons. See United States v. Daniel, 3 F.3d 775, 780 (4th Cir. 1993).* Accordingly, we remand the case solely to permit the district court's findings to be appended to the presentence report and for the presentence report with the attachment to be retransmitted to the Bureau of Prisons. Reedy is not entitled to revision of the text of the presentence report as he did not object to the facts in the presentence report at sentencing, but rather to the probation officer's conclusion that the enhancement applied, and the district court decided the issue in his favor. See United States v. Terry, 916 F.2d 157, 162 (4th Cir. 1990) (without affirmative showing by defendant that information in presentence report is inaccurate, district court is free to adopt presentence report).

For the reasons discussed, we affirm the sentence. We grant Reedy's motion for leave to file a supplemental brief. We remand the

_____

*Daniel deals with a violation of Rule 32(c)(3)(D). The appending requirement is now in Rule 32(c)(1).

case for compliance with the appending provision of Rule 32(c)(1). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED AND REMANDED

4