UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                  No. 99-7158

OSCAR MILLER, JR.,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Wilmington.
Malcolm J. Howard, District Judge.
(CR-97-67-7-H, CA-99-52-7-H)

Submitted: March 28, 2000

Decided: May 18, 2000

Before WIDENER, MURNAGHAN, and KING, Circuit Judges.

_____

Dismissed in part and vacated and remanded in part by unpublished
per curiam opinion.

_____

**COUNSEL**

Oscar Miller, Jr., Appellant Pro Se. Fenita Morris Shepard, OFFICE
OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina,
for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Oscar Miller, Jr. appeals from the district court's denial of his motion for post conviction relief pursuant to 28 U.S.C.A. § 2255 (West Supp. 1999). As to Miller's assertion that he received ineffective assistance of counsel because his attorney failed to note a requested appeal, we grant a certificate of appealability, vacate the judgment below, and remand for further proceedings. As to the rest of his claims, we deny a certificate of appealability and dismiss this appeal.

Miller's § 2255 motion raised numerous challenges to his guilty plea and the resulting sentence. In his informal brief before this Court, Miller has reiterated only one of the claims presented below, his allegation that his attorney provided ineffective assistance. Accordingly, that is the only issue before this Court. See  4th Cir. R. 34(b).

In the district court, Miller submitted an affidavit in support of his allegations of ineffective assistance of counsel. Of particular relevance to this appeal is his averment that counsel failed to note an appeal after Miller asked her to do so. The Government countered this allegation with an affidavit from Miller's trial attorney denying that Miller asked her to note an appeal. Based on these materials and the parties' arguments, the district court granted summary judgment in favor of the Government.

In so doing, the court erred. Summary judgment is appropriate only when "there is no genuine issue as to any material fact and if the moving party is entitled to judgment as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). In light of the affidavits in this case, there is a dispute of fact about whether Miller asked his attorney to note an appeal. This dispute is unquestionably material; a defense attorney's failure to note an appeal upon request constitutes ineffective assistance even if the defendant had no meritorious issues to present. See United States v. Peak, 992 F.2d 39, 42 (4th Cir. 1993).

It is ordinarily necessary to conduct an evidentiary hearing to resolve such disputes. See United States v. Marcum, 16 F.3d 599, 603

2

n.4 (4th Cir. 1994) (observing that claims of ineffectiveness ordinarily cannot be resolved without an evidentiary hearing); see also United States v. Magini, 973 F.2d 261, 264 (4th Cir. 1992) ("A federal court in a habeas proceeding must hold an evidentiary hearing when the petitioner alleges facts which, if true, would entitle her to relief."). Moreover, Miller's allegations, supported by his affidavit, present "a substantial showing of the denial of a constitutional right." 28 U.S.C.A. § 2253 (West Supp. 1999). Accordingly, as to Miller's claim that his attorney failed to note an appeal, we grant Miller's request for a certificate of appealability, vacate the judgment of the district court, and remand for further proceedings.

We find no merit in Miller's remaining allegations of ineffective assistance. His assertions that his attorney misadvised him and was unprepared for trial are belied by Miller's own statements at the plea hearing. See United States v. DeFusco, 949 F.2d 114, 119 (4th Cir. 1991); United States v. Lambey, 974 F.2d 1389, 1394 (4th Cir. 1992). The record also refutes Miller's contention that his attorney did not adequately challenge the sentencing court's determination about the amount of cocaine involved in Miller's offense.

Accordingly, we deny a certificate of appealability and dismiss this appeal as to all issues save Miller's claim that his attorney failed to note a requested appeal. As to that issue, we grant a certificate of appealability, vacate the district court's judgment, and remand for further proceedings. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED IN PART; VACATED
AND REMANDED IN PART

3