UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

MICHAEL TRACY HARMON, a/k/a
Mike, a/k/a Mickey,
*Defendant-Appellant.*

No. 00-4507

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

MICHAEL TRACY HARMON, a/k/a
Mike, a/k/a Mickey,
*Defendant-Appellant.*

No. 01-4508

Appeals from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Rebecca B. Smith, District Judge.
(CR-99-23)

Submitted: December 19, 2001

Decided: February 12, 2002

Before LUTTIG and MOTZ, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

No. 00-4507 dismissed and No. 01-4508 affirmed by unpublished per
curiam opinion.

---

## COUNSEL

Matthew D. Pethybridge, CARR & PORTER, L.L.C., Portsmouth, Virginia, for Appellant. Paul J. McNulty, United States Attorney, Fernando Groene, Assistant United States Attorney, Norfolk, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

In this consolidated appeal, Michael Tracy Harmon appeals from the district court's order denying his motion to reinstate his appellate rights. Harmon also seeks to appeal his criminal conviction entered on his guilty plea to possession with intent to distribute methamphetamine and a related conspiracy charge. *See* 21 U.S.C. § 841(a)(1) (1994); 21 U.S.C. § 846 (1994). In his motion to reinstate his appellate rights, Harmon alleged that despite the fact that he instructed his attorney to file a timely notice of appeal, no such notice was filed. *See United States v. Peak*, 992 F.2d 39, 42 (4th Cir. 1993). Harmon's direct criminal appeal is pending as a result of Harmon's pro se filing of a document construed as a notice of appeal nearly eleven months after entry of the district court's judgment in a criminal case.

With respect to the district court's denial of Harmon's motion to reinstate his appellate rights, the district court held an evidentiary hearing to resolve the factual issues surrounding Harmon's post-judgment instructions to his attorney and found that Harmon and his attorney agreed that an appeal would not be filed. We have reviewed the record and the district court's opinion and find no reversible error. *See United States v. Cheek*, 94 F.3d 136, 140 (4th Cir. 1996) (citing Fed. R. Civ. P. 52(a)). Accordingly, we affirm on the reasoning of the district court. *United States v. Harmon*, No. CR-99-23 (E.D. Va. Apr. 25, 2001).

Turning to Harmon's direct criminal appeal, on the finding of the district court that Harmon did not instruct his attorney to file a timely notice of appeal, we are constrained to dismiss the appeal for lack of jurisdiction because Harmon's pro se notice of appeal was not timely filed.

Parties to a criminal proceeding are accorded ten days after entry of the district court's final judgment to note an appeal, *see* Fed. R. App. P. 4(b)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(b)(4). This appeal period is "mandatory and jurisdictional." *Browder v. Director, Dep't of Corrections*, 434 U.S. 257, 264 (1978) (quoting *United States v. Robinson*, 361 U.S. 220, 229 (1960)).

The district court's judgment was entered on the docket on August 9, 1999. Harmon's notice of appeal was filed on June 30, 2000. Because Harmon failed to file a timely notice of appeal or to obtain an extension of the appeal period, we dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

No. 00-4507 - *DISMISSED*

No. 01-4508 - *AFFIRMED*