**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 03-4916**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

TYRONE ALLEN,

Defendant - Appellant.

———————

Appeal from the United States District Court for the District of
South Carolina, at Florence.  C. Weston Houck, Senior District
Judge.  (CR-02-750)

———————

Submitted:  November 18, 2004        Decided:  November 23, 2004

———————

Before LUTTIG and GREGORY, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

———————

Dismissed by unpublished per curiam opinion.

———————

David B. Betts, Columbia, South Carolina, for Appellant.  James
Strom Thurmond, Jr., United States Attorney, Columbia, South
Carolina, Rose Mary Parham, Assistant United States Attorney,
Florence, South Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Tyrone Allen appeals from his criminal judgment convicting him of using and carrying a firearm during and in relation to, as well as possessing such firearm, in furtherance of two crimes of violence and sentencing him to 350 months' imprisonment. Counsel has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967).

In criminal cases, the defendant must file his notice of appeal within ten days of the entry of judgment. Fed. R. App. P. 4(b)(1)(A). With or without a motion, the district court may grant an extension of time to file of up to thirty days upon a showing of excusable neglect or good cause. Fed. R. App. P. 4(b)(4); United States v. Reyes, 759 F.2d 351, 353 (4th Cir. 1985). These time periods are mandatory and jurisdictional. United States v. Raynor, 939 F.2d 191, 196 (4th Cir. 1991).

Here, the district court entered the criminal judgment on the docket on May 8, 2003. See Fed. R. App. P. 4(b)(6). Allen did not file his pro se notice of appeal until November 24, 2003, well beyond the expiration of the appeal and excusable neglect periods. Although Allen stated that counsel failed to file a notice of appeal after being asked to do so, Allen must seek relief in the district court by filing a motion under 28 U.S.C. § 2255 (2000). See United States v. Peak, 992 F.2d 39, 41-42 (4th Cir. 1993) (holding that remedy for ineffective assistance of counsel where

- 2 -

counsel fails to note an appeal is to vacate sentence and reimpose it to permit the notice of appeal period to begin again); see also Roe v. Flores-Ortega, 528 U.S. 470 (2000) (setting forth standards in various factual settings for applying test of Strickland v. Washington, 466 U.S. 668 (1984), to determine whether counsel was ineffective in failing to note appeal).

We therefore dismiss the appeal as untimely. We do not express any view as to whether Allen will be able to demonstrate that he affirmatively requested his counsel to file a notice of appeal on his behalf. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED