**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-4590

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DARRELL BERNARD PRESSLEY,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Florence.  C. Weston Houck, Senior District Judge.  (CR-02-930)

Submitted:  January 25, 2006      Decided:  February 24, 2006

Before WILKINSON, TRAXLER, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas G. Nessler, Jr., Surfside Beach, South Carolina, for Appellant. Alfred William Walker Bethea, Jr., Assistant United States Attorney, Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Darrell Bernard Pressley pled guilty pursuant to a plea agreement to one count of conspiracy to distribute and possess with intent to distribute fifty grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 846 (2000).[1] Pressley was sentenced to a 168-month term of imprisonment. We affirm the conviction and sentence.

Because the district court determined Pressley was responsible for 1,428.65 grams of cocaine base and 7,708.75 grams of powder cocaine, Pressley was assigned a base offense level of thirty-eight.[2] See U.S. Sentencing Guidelines Manual § 2D1.1(c)(1) (2002). The district court applied a three-level adjustment for acceptance of responsibility, thereby giving Pressley an adjusted offense level of thirty-five. Because Pressley was assessed no criminal history points, he was placed in criminal history category I. The resulting guideline range was 168 to 210 months.

As Pressley did not object, the district court adopted the findings in the Presentence Investigation Report. Pressley's counsel moved the district court for a downward departure, alleging

---

[1]Pressley consented to enter his plea before a magistrate judge pursuant to 28 U.S.C. § 636 (2000).

[2]The district court converted the two substances into their marijuana equivalents in order to obtain a single offense level. See USSG § 2D1.1, comment. (n.10). The total drug weight was therefore determined to be 30,115 kilograms of marijuana, which resulted in a base offense level of thirty-eight.

Pressley "has not been in good health his entire life" and must take "a number of medications . . . on a daily basis." The district court determined that "[t]he physical ailments Mr. Pressley has, though they are regrettable, they are not sufficient to warrant downward departure." Consequently, the court denied the motion for downward departure and sentenced Pressley to imprisonment for 168 months.

Pressley filed a 28 U.S.C. § 2255 (2000) motion on February 23, 2004, in which he alleged, among other claims, that his counsel failed to note an appeal after Pressley requested that he do so. In an affidavit filed May 11, 2005, Pressley's counsel stated that he had "no direct independent recollection of discussing the matter of appeal with Mr. Pressley . . . ." Therefore, the district court granted relief on this claim and, pursuant to United States v. Peak, 992 F.2d 39, 42 (4th Cir. 1993), vacated Pressley's judgment of conviction and entered a new judgment from which Pressley could appeal.

On appeal, counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), questioning whether the magistrate judge fully complied with the requirements of Rule 11 and whether Pressley's sentence was reasonable. Pressley filed a supplemental brief, contending that the district court improperly enhanced his sentence for drug weights that were neither admitted to nor found by a jury beyond a reasonable doubt, and that the district court

erred by entering a new criminal judgment without conducting a new, formal sentencing hearing.

Because Pressley did not seek to withdraw his guilty plea in the district court, we review any alleged Rule 11 error for plain error. See United States v. Martinez, 277 F.3d 517, 524-26 (4th Cir. 2002). We "may notice an error that was not preserved . . . only if the defendant can demonstrate (1) that an error occurred, (2) that it was plain error, and (3) that the error was material or affected the defendant's substantial rights." Id. at 524. We have reviewed the record and find no error.

We also reject Pressley's contention that the district court erred when it enhanced his sentence with drug weights that were neither admitted to nor found by a jury beyond a reasonable doubt. Because Pressley raises this issue for the first time on appeal, review is for plain error. See United States v. Evans, 416 F.3d 298, 300 (4th Cir. 2005). To establish that a Sixth Amendment error occurred during sentencing, a defendant must show that the district court imposed a sentence exceeding the maximum allowed based only on the facts to which he admitted. Id.

If the district court had sentenced Pressley in accordance with the lowest drug weight to which he admitted, 1.5 kilograms of cocaine base,[3] his base offense level would have been

---

[3]Both the Government and Pressley "stipulate[d] and agree[d] that the quantity of cocaine base involved is in excess of 1½ kilos with a base offense level of 38 for purposes of calculating

- 4 -

thirty-eight.  See USSG § 2D1.1(c)(1).  Based on an offense level of thirty-eight and a criminal history category of I, Pressley's guideline range would have been 235 to 293 months' imprisonment.  See USSG Ch. 5, Pt. A (2002) (sentencing table).  Because Pressley's sentence of 168 months is below the maximum authorized by the facts to which he admitted, no Sixth Amendment error occurred.  See Evans, 416 F.3d at 300.

However, "even in the absence of a Sixth Amendment violation, the imposition of a sentence under the former mandatory guidelines regime rather than under the advisory regime outlined in Booker is error."  United States v. White, 405 F.3d 208, 216-17 (4th Cir.), cert. denied, 126 S. Ct. 668 (2005).  We have declined to presume prejudice, id. at 217-22, and instead have held that the prejudice inquiry is "whether after pondering all that happened without stripping the erroneous action from the whole, . . . the judgment was . . . substantially swayed by the error."  Id. at 223 (internal quotation marks and citations omitted).  Therefore, to make this showing, a defendant must "demonstrate, based on the record, that the treatment of the guidelines as mandatory caused the district court to impose a longer sentence than it otherwise would have imposed."  Id. at 224.

_____

[Pressley's] sentence pursuant to the United States Sentencing Commission Guidelines."

The district court's 168-month sentence was at the lowest end of the guideline range, as determined by the court. Because the record does not reveal a nonspeculative basis for concluding that the district court would have imposed a shorter sentence had it known it possessed discretion to do so, we conclude that Pressley cannot demonstrate that the district court's plain error in sentencing him under a mandatory guidelines regime affected his substantial rights.

We likewise reject Pressley's argument that a defendant is entitled to a new sentencing hearing when a district court reenters a criminal judgment pursuant to United States v. Peak, 992 F.2d 39 (4th Cir. 1993).

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. Accordingly we affirm Pressley's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the

materials before the court and argument would not aid the decisional process.

AFFIRMED