**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 05-7315**

───────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DARRYLE EDWARD ROBERTSON, a/k/a Tiger,

Defendant - Appellant.

───────────

Appeal from the United States District Court for the District of
Maryland, at Baltimore.  J. Frederick Motz, District Judge.  (CR-
01-304-JFM; CA-04-1213-JFM)

───────────

Submitted:  August 9, 2006          Decided:  August 30, 2006

───────────

Before WILKINSON and MICHAEL, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

───────────

Vacated in part and remanded by unpublished per curiam opinion.

───────────

Darryle Edward Robertson, Appellant Pro Se.  Stephen Matthew
Schenning, John Francis Purcell, Jr., OFFICE OF THE UNITED STATES
ATTORNEY, Baltimore, Maryland, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Darryle Edward Robertson seeks to appeal the district court's order denying relief on his motion filed under 28 U.S.C. § 2255 (2000). Dismissing all other claims, this court granted a certificate of appealability on a single claim of ineffective assistance of counsel in which Robertson alleged that he was denied the right to a direct appeal when counsel failed to comply with his request to file a notice of appeal. For the reasons that follow, we now vacate the district court's order to the extent that it denied relief on this claim and remand for further proceedings on this issue.

Robertson pled guilty to conspiracy to distribute a variety of drugs in violation of 21 U.S.C. § 846 (2000). The district court adopted the plea agreement's recommendation and sentenced him to 360 months' imprisonment. Robertson did not appeal. In his § 2255 motion, signed under penalty of perjury, Robertson claims that he told his attorney that he wished to appeal but that counsel failed to comply with his request. Counsel stated under oath that he has no recollection of Robertson's request.

In order to establish a Sixth Amendment violation based on counsel's failure to appeal, Robertson must prove that (1) counsel was ineffective and (2) but for counsel's ineffectiveness, an appeal would have been filed. Roe v. Flores-Ortega, 528 U.S. 470, 476-77 (2000). Counsel's failure to

file a notice of appeal when requested to do so is per se ineffective assistance. <u>United States v. Peak</u>, 992 F.2d 39, 42 (4th Cir. 1993). In light of Robertson's claim, under penalty of perjury, that counsel denied his request to file an appeal, coupled with counsel's lack of memory, there is a genuine issue of material fact concerning whether Robertson was denied effective assistance of counsel.

Accordingly, we vacate the portion of the district court's order denying relief on this claim and remand for the limited purpose of permitting the district court to conduct further proceedings to resolve this issue. The record, as supplemented, will then be returned to this court. We deny Robertson's motion to appoint counsel. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>VACATED IN PART AND REMANDED</u>