**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 06-4906**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

TREMAINE BERNARD COATS,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Malcolm J. Howard, Senior District Judge. (5:01-cr-00117)

Submitted:  October 12, 2007          Decided:  November 13, 2007

Before MICHAEL, MOTZ, and TRAXLER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

David C. Sutton, SUTTON LAW OFFICES, P.A., Greenville, North Carolina, for Appellant.  Anne Margaret Hayes, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tremaine Bernard Coats pled guilty without the benefit of a written plea agreement to possession with intent to distribute more than fifty grams of crack cocaine and a quantity of heroin (Count 1), in violation of 21 U.S.C. § 841(a)(1) (2000), and traveling between North Carolina and New York to promote and conduct an illegal drug business (Count 2), in violation of 18 U.S.C. § 1952 (2000). The district court sentenced Coats to a 151-month term of imprisonment on Count 1 and to a concurrent sentence of sixty months on Count 2. Coats appeals his convictions and sentence. His counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), challenging the adequacy of the colloquy held in accordance with Fed. R. Crim. P. 11, and the reasonableness of Coats' sentence. Counsel states, however, that, in his view, there are no meritorious issues for appeal. Coats was informed of his right to file a pro se supplemental brief but has not done so. We affirm.

Counsel raises as a potential issue the adequacy of the plea hearing but does not specify any deficiencies in the district court's Rule 11 inquiries. Because Coats did not move in the district court to withdraw his guilty plea on the ground raised on appeal, any error in the Rule 11 hearing is reviewed for plain error. United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002) (discussing standard). Our careful review of the record

convinces us that the district court substantially complied with the mandates of Rule 11 in accepting Coats' guilty plea and that any omission on the court's part did not affect Coats' substantial rights. Moreover, the district court ensured that Coats entered his plea knowingly and voluntarily and that the plea was supported by an independent factual basis. See United States v. DeFusco, 949 F.2d 114, 116, 119-20 (4th Cir. 1991).

Counsel also suggests that Coats' sentence is unreasonable. After United States v. Booker, 543 U.S. 220 (2005), courts must calculate the applicable guideline range after making the appropriate findings of fact and consider the range in conjunction with other relevant factors under the guidelines and 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2007). United States v. Moreland, 437 F.3d 424, 432 (4th Cir.), cert. denied, 126 S. Ct. 2054 (2006). This court will affirm a post-Booker sentence if it "is within the statutorily prescribed range and is reasonable." Id. at 433 (internal quotation marks and citation omitted). "[A] sentence within the proper advisory Guidelines range is presumptively reasonable." United States v. Johnson, 445 F.3d 339, 341 (4th Cir. 2006); see Rita v. United States, 127 S. Ct. 2456, 2462-69 (2007) (upholding application of rebuttable presumption of reasonableness to within-guidelines sentence).

Here, before the district court reentered the criminal judgment to afford Coats an opportunity to appeal his sentence, see

United States v. Peak, 992 F.2d 39 (4th Cir. 1993), the district court resentenced Coats in accordance with Booker, properly calculating the guideline range, appropriately treating the guidelines as advisory, and considering the § 3553(a) factors. Coats' 151-month prison term on Count 1 is the bottom of the guideline range and is below the statutory maximum sentence of life imprisonment, see 21 U.S.C.A. § 841(b)(1)(A) (West 1999 & Supp. 2007), and his sentence on Count 2 is the statutory maximum of five years. See 18 U.S.C. § 1952(a)(3); USSG § 5G1.1(a). Finally, neither Coats nor the record suggests any information so compelling as to rebut the presumption that a sentence within the properly calculated guideline range is reasonable. We therefore conclude that the sentence is reasonable.

In accordance with Anders, we have reviewed the entire record for any meritorious issues and have found none. Accordingly, we affirm the district court's judgment. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the

materials before the court and argument would not aid the decisional process.

AFFIRMED
