**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-4560**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

MARVIN DARRELL GUEST, a/k/a Rail,

             Defendant - Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Charleston.  Sol Blatt, Jr., Senior District
Judge.  (2:03-cr-00126-SB)

Submitted:  June 26, 2008          Decided:  July 14, 2008

Before WILKINSON, MICHAEL, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

J. Joseph Condon, Jr., CONDON LAW FIRM, North Charleston, South
Carolina, for Appellant. Kevin F. McDonald, Acting United States
Attorney, M. Rhett DeHart, Assistant United States Attorney,
Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Marvin Darrell Guest pled guilty in 2003 to conspiracy to commit bank fraud and was sentenced to a term of sixty months imprisonment and three years of supervised release. He appeals this sentence,[1] contending that he was improperly denied a departure for substantial assistance, U.S. Sentencing Guidelines Manual § 5K1.1, p.s. (2002), and a hearing on the issue. We affirm.

Guest's plea agreement provided that the government would move for a departure if his cooperation was deemed substantial by the government. At his sentencing hearing, Guest's attorney acknowledged that his client had been interviewed, but that the results of his cooperation were as yet unknown, and for that reason the government would not move for a departure. Both defense counsel and the government held out hope for a later motion for sentence reduction.[2]

---

[1]The district court granted Guest a late appeal under United States v. Peak, 992 F.2d 39, 42 (4th Cir. 1993), after he filed a motion to vacate pursuant to 28 U.S.C.A. § 2255 (2000). The court held Guest's other claims in abeyance pending this appeal. Although Guest has completed his prison term, we retain jurisdiction because he remains on supervised release.

[2]The government ultimately decided that Guest's assistance was not substantial, and did not move pursuant to Fed. R. Crim. P. 35(b) for a reduction based on substantial assistance. Guest alleged in his § 2255 motion that the government's decision not to move for a sentence reduction was arbitrary or made in bad faith. Because this issue is pending before the district court, we do not address it.

Unless the government is obligated under the terms of a plea agreement, its decision as to whether the defendant has provided substantial assistance is discretionary. United States v. Snow, 234 F.3d 187, 190 (4th Cir. 2000). Guest's plea agreement leaves the discretion to determine whether he provided substantial assistance warranting a § 5K1.1 departure with the government. Guest did not object at sentencing to the government's decision not to make a § 5K1.1 motion, and the record does not disclose any evidence that the government refused to make the motion based on any unconstitutional motive. See Wade v. United States, 504 U.S. 181, 185-86 (1992) (holding that "federal district courts have authority to review a prosecutor's refusal to file a substantial assistance motion and to grant a remedy if they find that the refusal was based on an unconstitutional motive."). Further, Guest has not shown that the government's decision at sentencing was "not rationally related to any legitimate Government end." Id. at 186 (internal citation omitted).

We therefore affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

- 3 -