**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

**No. 18-6629**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JAMAR MARVIN SIMMONS, a/k/a Mar,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. George L. Russell, III, District Judge. (1:13-cr-00061-GLR-1; 1:14-cv-03911-GLR)

Submitted: March 28, 2019                    Decided: April 2, 2019

Before MOTZ, WYNN, and DIAZ, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Robert L. Sirianni, Jr., BROWNSTONE, P.A., Winter Park, Florida, for Appellant. Jason Daniel Medinger, Assistant United States Attorney, Brandon Keith Moore, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jamar Marvin Simmons appeals the district court's order denying relief on his 28 U.S.C. § 2255 (2012) motion. We granted a certificate of appealability on Simmons' claim that the district court erred in rejecting, without an evidentiary hearing, Simmons' claim that his attorney was ineffective in failing to consult with Simmons regarding Simmons' right to appeal. For the reasons that follow, we vacate the district court's order and remand for an evidentiary hearing.

We review a district court's legal conclusions de novo and its findings of fact in denying a § 2255 motion for clear error. *United States v. MacDonald*, 911 F.3d 723, 797 (4th Cir. 2018). A claim of ineffective assistance of counsel presents a mixed question of law and fact that we review de novo. *United States v. Ragin*, 820 F.3d 609, 617 (4th Cir. 2016).

"Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b). "When the district court denies § 2255 relief without an evidentiary hearing, the nature of the court's ruling is akin to a ruling on a motion for summary judgment," and the facts must be considered "in the light most favorable to the § 2255 movant." *United States v. Poindexter*, 492 F.3d 263, 267 (4th Cir. 2007). An evidentiary hearing is required when the movant presents a colorable Sixth Amendment claim showing disputed facts beyond the record or when a credibility determination is

2

necessary to resolve the issue. *See United States v. Witherspoon*, 231 F.3d 923, 926-27 (4th Cir. 2000).

To prevail on a claim of ineffective assistance of counsel, a prisoner must show that "counsel's performance was deficient" and that "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "[C]ounsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Roe v. Flores-Ortega*, 528 U.S. 470, 480 (2000); *see also United States v. Peak*, 992 F.2d 39, 42 (4th Cir. 1993). A court will "presum[e] prejudice with no further showing from the defendant of the merits of his underlying claims when the violation of the right to counsel rendered the proceeding presumptively unreliable or entirely nonexistent." *Flores-Ortega*, 528 U.S. at 484. Thus, "when counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken, the defendant has made out a successful ineffective assistance of counsel claim entitling him to an appeal." *Id.* Any inquiry into the potential merits of such an appeal is unnecessary; a defendant need only "demonstrate that, but for counsel's deficient conduct, he would have appealed." *Id.* at 486; *accord Peak*, 992 F.2d at 42. This rule applies even where a defendant's plea agreement contains a waiver of appellate rights. *Poindexter*, 492 F.3d at 271-73.

3

Here, the district court denied Simmons' § 2255 motion because trial counsel's statements that Simmons, through his parents, did not wish to appeal directly contradicted Simmons' assertions otherwise. We conclude, however, that the district court erred in deciding this issue on pleadings alone, crediting trial counsel's statements in the face of Simmons' verified § 2255 motion. *See* § 2255(b); *Poindexter*, 492 F.3d at 267; *Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003) ("[S]ummary judgment cannot be used to resolve swearing contests between litigants."). Furthermore, given that the district court varied well above the Sentencing Guidelines range and an appeal of Simmons' sentence would not have been barred by his appellate waiver, it is likely that a rational defendant would have appealed the sentence.

Because resolution of the ineffectiveness claim turns on credibility, we vacate the district court's order and remand for an evidentiary hearing to determine whether Simmons' trial counsel was ineffective in failing to consult with Simmons regarding his right to appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*