**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4495**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

KINSTON CONGLES PITTMAN, JR.,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Greenville.  W. Earl Britt, Senior District Judge.  (4:17-cr-00045-BR-1)

Submitted:  February 27, 2020                     Decided:  April 6, 2020

Before KEENAN, DIAZ, and RUSHING, Circuit Judges.

Affirmed and remanded by unpublished per curiam opinion.

Cindy H. Popkin-Bradley, CINDY H. POPKIN-BRADLEY, ATTORNEY AT LAW, Raleigh, North Carolina, for Appellant.  Jennifer P. May-Parker, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kinston Congles Pittman, Jr., pled guilty, pursuant to a plea agreement, to six counts of possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) (2018) (Counts 1 through 6). The district court sentenced Pittman to 18 months' imprisonment on each count, with the terms on Counts 1, 2, and 3 to be served consecutively and the terms on Counts 4, 5, and 6 to be served concurrently with each other and with the term on Count 3, for a total term of imprisonment of 54 months.[1]

On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal, but raising four claims of ineffective assistance of counsel. But the district court considered and addressed all of these claims in Pittman's earlier § 2255 proceeding, and denied them on the merits. Pittman did not appeal from the denial of these claims, and we decline to revisit them at this juncture.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. However, we remand for the district court to correct the criminal judgment to reflect that

---

[1] Pittman subsequently filed a motion under 28 U.S.C. § 2255 (2018), contending that counsel failed to file a notice of appeal after being directed to do so. *See United States v. Peak*, 992 F.2d 39, 42 (4th Cir. 1993) (holding that counsel is ineffective for failing to note an appeal as directed and the remedy is to vacate and reimpose criminal judgment to permit appeal period to run again). He also asserted four other claims of ineffective assistance counsel. The court first entered an order denying relief on the four other claims and subsequently, by separate order, granted *Peak* relief.

the Nature of Offense for Counts 1 through 5 is possession with the intent to distribute a quantity of cocaine.[2]

This court requires that counsel inform Pittman, in writing, of the right to petition the Supreme Court of the United States for further review. If Pittman requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Pittman.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED AND REMANDED*

---

[2] Although the indictment charged Pittman in Counts 1 through 5 with distribution and possession with intent to distribute a quantity of cocaine, in violation of 21 U.S.C. § 841(a)(1), under the plea agreement, Pittman pled guilty only to possession with intent to distribute a quantity of cocaine.

3