**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-6077**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CLAUNCE MONTREL MAZYCK, a/k/a Cabbage,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Charleston. David C. Norton, District Judge. (2:14-cr-00844-DCN-2, 2:18-cv-01206-DCN)

Submitted: November 6, 2020                    Decided: November 18, 2020

Before DIAZ and HARRIS, Circuit Judges, and SHEDD, Senior Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

Claunce Montrel Mazyck, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Claunce Montrel Mazyck appeals the district court's order denying relief on his 28 U.S.C. § 2255 motion. We granted a certificate of appealability on Mazyck's claim that the district court erred in rejecting, without an evidentiary hearing, Mazyck's claim that his attorney was ineffective for failing to file a notice of appeal after Mazyck asked him to do so. Upon review, we vacate the district court's order and remand for an evidentiary hearing.

We review a district court's legal conclusions de novo and its findings of fact in denying a § 2255 motion for clear error. *United States v. MacDonald*, 911 F.3d 723, 797 (4th Cir. 2018). A claim of ineffective assistance of counsel presents a mixed question of law and fact that we review de novo. *United States v. Ragin*, 820 F.3d 609, 617 (4th Cir. 2016). "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b). "When the district court denies § 2255 relief without an evidentiary hearing, the nature of the court's ruling is akin to a ruling on a motion for summary judgment," and the facts must be considered "in the light most favorable to the § 2255 movant." *United States v. Poindexter*, 492 F.3d 263, 267 (4th Cir. 2007). An evidentiary hearing is required when the movant presents a colorable Sixth Amendment claim showing disputed facts beyond the record or when a credibility determination is necessary to resolve the issue. *See United States v. Witherspoon*, 231 F.3d 923, 926-27 (4th Cir. 2000).

To prevail on a claim of ineffective assistance of counsel, a prisoner must show that "counsel's performance was deficient" and that "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "[C]ounsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Roe v. Flores-Ortega*, 528 U.S. 470, 480 (2000); *see also United States v. Peak*, 992 F.2d 39, 42 (4th Cir. 1993). A court will "presum[e] prejudice with no further showing from the defendant of the merits of his underlying claims when the violation of the right to counsel rendered the proceeding presumptively unreliable or entirely nonexistent." *Flores-Ortega*, 528 U.S. at 484. Thus, "when counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken, the defendant has made out a successful ineffective assistance of counsel claim entitling him to an appeal." *Id.* Any inquiry into the potential merits of such an appeal is unnecessary; a defendant need only "demonstrate that, but for counsel's deficient conduct, he would have appealed." *Id.* at 486; *accord Peak*, 992 F.2d at 42. This rule applies even where a defendant's plea agreement contains a waiver of appellate rights. *Poindexter*, 492 F.3d at 271-73.

Here, the district court found that whether Mazyck actually requested that his attorney file an appeal was disputed; nevertheless, the court held, Mazyck's claim failed because Mazyck waived his right to appeal his conviction or sentence and any appeal would have been futile. Thus, the court concluded, counsel's failure to appeal did not

3

constitute deficient performance.  We conclude, however, and the Government concedes, that an evidentiary hearing was needed to resolve Mazyck's claim that counsel's failure to file a notice of appeal as requested amounted to ineffective assistance.  The court should have conducted a hearing to make a factual finding on the disputed facts, namely whether Mazyck asked his attorney to file an appeal on his behalf.

Accordingly, we vacate the district court's order and remand for an evidentiary hearing on this issue. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*
