**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 23-4716**

_____

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

DEMETRESS MOSS,

        Defendant - Appellant.

_____

Appeal from the United States District Court for the District of South Carolina, at Columbia.  Terry L. Wooten, Senior District Judge.  (3:22-cr-00047-TLW-1)

_____

Submitted:  June 12, 2025                        Decided:  June 16, 2025

_____

Before HARRIS and HEYTENS, Circuit Judges, and FLOYD, Senior Circuit Judge.

_____

Dismissed by unpublished per curiam opinion.

_____

**ON BRIEF:**  Hunter Windham, DUFFY & YOUNG, LLC, Charleston, South Carolina, for Appellant.  Katherine Hollingsworth Flynn, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Florence, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Demetress Moss pled guilty, pursuant to a written plea agreement, to possession of firearms and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). The district court sentenced Moss to 110 months' imprisonment. The judgment was entered on January 27, 2023. Moss filed a pro se notice of appeal from the criminal judgment on November 19, 2023. *See Houston v. Lack*, 487 U.S. 266, 276 (1988). Counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), conceding that there are no meritorious issues for appeal. Moss has filed a pro se supplemental brief challenging his sentence.[1] The Government has moved to dismiss the appeal as untimely.[2]

In criminal cases, the defendant must file the notice of appeal within 14 days after the entry of judgment. Fed. R. App. P. 4(b)(1)(A). With or without a motion, upon a showing of excusable neglect or good cause, the district court may grant an extension of up to 30 days to file a notice of appeal. Fed. R. App. P. 4(b)(4). Although the appeal period in a criminal case is not a jurisdictional provision, but rather a claim-processing rule, *United States v. Urutyan*, 564 F.3d 679, 685 (4th Cir. 2009), "[w]hen the Government promptly invokes the rule in response to a late-filed criminal appeal, we must dismiss," *United States v. Oliver*, 878 F.3d 120, 123 (4th Cir. 2017).

---

[1] We grant Moss's motion to file the pro se supplemental brief.

[2] The Government also moves to dismiss the appeal as barred by the appeal waiver in Moss's plea agreement, but we need not reach this issue.

2

Moss noted his appeal nearly one year after the district court entered its judgment, well beyond both the 14-day appeal period and the 30-day excusable neglect period.[3] Because Moss failed to file a timely notice of appeal or to obtain an extension of the appeal period, and since the Government has promptly invoked the appeal's untimeliness, *see* 4th Cir. R. 27(f)(2), we grant the Government's motion and dismiss Moss's appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*

---

[3] In his notice of appeal, Moss stated that he directed his trial counsel to note an appeal but counsel failed to do so. Moss's excuse for the delay was of no moment because the notice of appeal was filed after the expiration of the excusable neglect period. Moss is not without a remedy, though, because he could file a 28 U.S.C. § 2255 motion raising a *Peak* claim. *See United States v. Peak*, 992 F.2d 39, 42 (4th Cir. 1993) (holding counsel's failure to file a notice of appeal when requested to do so is per se ineffective assistance and the remedy is to vacate and reimpose the criminal judgment to permit appeal period to run again).