**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 24-4506**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

KEVIN JAMIR MILES,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Catherine C. Eagles, Chief District Judge.  (1:20-cr-00488-CCE-1)

Submitted:  June 20, 2025                    Decided:  September 18, 2025

Before WILKINSON, AGEE, and RUSHING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Brian M. Aus, BRIAN AUS, ATTORNEY AT LAW, Timberlake, North Carolina, for Appellant.  Kyle David Pousson, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kevin Jamir Miles pleaded guilty to possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1).  The district court sentenced Miles to 42 months of imprisonment and Miles did not appeal.  Miles, however, filed a timely 28 U.S.C. § 2255 motion, arguing that his trial counsel was ineffective for failing to file a direct appeal despite Miles's urging to do so and failing to file a motion to suppress certain evidence.  The district court granted the motion in part and denied it in part, adopting the magistrate judge's recommendation to file an amended judgment so that Miles could file a timely direct appeal, and denying Miles's ineffective assistance claim regarding the failure to file a motion to suppress evidence.  Now on direct appeal, Miles's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no meritorious issues for appeal but questioning whether the district court erred in denying Miles's claim in his § 2255 petition that his trial counsel was ineffective for not filing the motion to suppress.  Miles was notified of his right to file a pro se supplemental brief but has not done so.

Where a court finds that counsel failed to comply with the client's request to file a notice of appeal, the proper remedy is to vacate the judgment and enter a new judgment from which an appeal can be taken.  *United States v. Peak*, 992 F.2d 39, 42 (4th Cir. 1993).  In such a situation, the court should not rule on any other claims in a § 2255 motion, because the amended judgment supersedes the original judgment, allowing the defendant an opportunity to file a direct appeal and, if necessary, collaterally challenge the amended judgment at a later date.  Here, the district court, after vacating the original judgment and entering an amended judgment to allow Miles to appeal, should have dismissed the

2

remaining § 2255 claim without prejudice to Miles raising any such claim after completion of his direct appeal proceedings.

In the notice of appeal, counsel designated the reinstated criminal judgment as the judgment on appeal. *See* Fed. R. App. P. 3(c)(1)(b). But in the *Anders* brief, counsel fails to challenge the underlying criminal proceedings, instead questioning only whether the district court correctly denied relief on the claim that counsel was ineffective for failing to move to suppress evidence. The *Anders* brief, however, is meant to address the direct appeal of a criminal judgment. *See Penson v. Ohio*, 488 U.S. 75, 79 (1988) ("[T]he Fourteenth Amendment guarantees a criminal appellant the right to counsel on a first appeal as of right."). The arguments in appellate counsel's *Anders* brief do not concern the judgment before us.

Nevertheless, we have conducted our review of the underlying criminal judgment pursuant to *Anders*. *See id.* at 80. Upon this independent review, we conclude that Miles's guilty plea was knowing and voluntary and that his sentence, which is above the advisory Sentencing Guidelines range, is procedurally and substantively reasonable.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's amended judgment. This court requires that counsel inform Miles, in writing, of the right to petition the Supreme Court of the United States for further review. If Miles requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Miles.

3

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*